James R. O'CONNOR et al., Appellants,

v.

NATIONAL MOTOR CLUB OF TEXAS, INC., et al., Appellees.

No. 14513.

Court of Civil Appeals of Texas.

Houston.

Dec. 17, 1964.

G. Ernest Caldwell and Seymour Lieberman, Houston, for appellants.

G. H. Kelsoe, Jr., Dallas, and Bracewell, Reynolds & Patterson, William Key Wilde, Houston, for appellees.

WERLEIN, Justice.

This is an appeal from a temporary injunction granted appellee, National Motor Club of Texas, Inc., enjoining appellants from soliciting the members of the National Motor Club of Texas, Inc. as of July 16, 1964, or before, to drop their membership therein and/or switch to the appellant, National Automobile Association, Inc., membership, or selling to said members of appellee a membership in said National Automobile Association, Inc.

Appellants contend that the trial court erred in overruling their special exception to appellee's affidavit verifying its originally unverified petition since such affidavit was attached to a separate instrument. When appellants excepted to appellee's unverified original petition, appellee, with leave of court, filed a trial amendment on the day the hearing on the temporary injunction commenced, attaching thereto a verification in proper form of such petition.

■ The court did not err in overruling appellants' exception to the affidavit. Appellee's petition was verified at the time or just before the hearing began on the temporary injunction. The affidavit consisted of a verification of all the allegations in the petition. The fact that such affidavit was attached to the trial amendment which alleged the omission of verification of the original petition due to inadvertence, and was not written or inscribed on such petition, did not mitigate against its effectiveness as an affidavit. Furthermore, it has been held in spite of Rule 681, Texas Rules of Civil Procedure, that a verified petition is not essential to the granting of a permanent injunction after trial, nor to a temporary injunction granted after a full hearing on the evidence independent of the peti-

tion. Magnolia Petroleum Co. v. State, Tex.Civ.App., 218 S.W.2d 855, writ ref., n. r. e., and authorities cited. See also Zanes v. Mercantile Bank & Trust Co. of Texas, Tex.Civ.App., 49 S.W.2d 922, writ ref.; Hightower v. Price, Tex.Civ.App., 244 S.W. 652, no writ hist.; Lowe & Archer, Injunctions, § 336, p. 352. In the instant case, the temporary injunction was granted after a full hearing in which sworn testimony aggregating more than 300 pages was given by numerous witnesses.

Appellants assert it was error for the trial court to admit in evidence, over their objection of hearsay, appellee's Exhibits Nos. 10 to 31, inclusive, consisting of a series of letters of complaint from a number of the members of National Automobile Association, Inc. Some of the exhibits consisted of the original letters of complaint, which were procured from appellants' files by subpoena, and some consisted of copies of letters admittedly received by National Automobile Association, Inc. The exhibits in question were offered in evidence for the limited purpose of showing that complaints had been received by appellant Association, and that said appellant never admonished its sales representatives regarding the representations allegedly made by them while soliciting memberships in the field.

■ Before admitting the exhibits the court stated in replying to appellants' objection:

"I didn't hear him say it the way you did. I thought I heard him say he did not offer it for the truth of the matter stated, but merely to show that complaint was received, not whether the complaint is true."

After making such statement, the court expressly stated that he would admit the exhibits for such limited purpose only. It will be presumed that the court considered the exhibits for the limited purpose for which they were admitted.

■ The court did not err in admitting said letters for the limited purpose of show-

ing that complaints were made. For such purpose they did not constitute hearsay. The cases cited by appellants are jury cases, not involving a temporary injunction, and the instruments offered in such cases were tendered for proof of the facts therein asserted. The hearsay rule applies to a statement made out of court when such evidence is offered for the purpose of proving the truth of such statements. If, therefore, an extra-judicial utterance is offered, not as an assertion to evidence the matter asserted, but without reference to the truth of the matter asserted, the hearsay rule does not apply. Brown v. State, 74 Tex.Cr. R. 356, 169 S.W. 437, at 453; McCormick & Ray, Texas Law of Exidence, Vol. 1, § 781, p. 558, and authorities cited.

On cross-examination of appellee's witness, E. C. Allen, who had been in its employ as a salesman for two years and who was then a district manager of the company, appellants elicited that such witness had made "converts" from another automobile association and that he had contacted a member of the appellant Association who had not previously been a member of the National Motor Club. Appellants then asked said witness: "Let us assume, Mr. Allen, that you made contact with a prospective member and upon beginning your sales talk the prospective member told you that he had been a member of Texas Automobile Association for five years." Appellee objected to any assumption or any speculative or hypothetical question, stating that the question before the court was what the facts were with reference to the particular matter in issue, namely, the granting or denying of a temporary injunction. Appellants advised the court that they wanted to establish custom and general practices of the general automobile association business in order to determine whether or not conversion of memberships was an unfair trade practice.

The court sustained appellee's objection to what appears to be an incomplete question. Appellants did not there-after propound any questions with respect to trade practices or customs of the trade and failed to show by a bill of exceptions what the witness would have testified to had any questions with respect to trade customs and practices been asked. They have, therefore, failed to show any harm if such there was. Furthermore, they did not plead trade customs or practices as a defense, as it was incumbent upon them to do if they wanted to rely thereon. 58 Tex. Jur.2d, Usages and Customs, § 19, p. 47; Hull-Tex Oil Ass'n v. Pipes, Tex.Civ.App., 240 S.W. 994.

Appellants finally complain that the court erred in granting a temporary injunction which imposes an unreasonable and unlawful restraint upon the conduct of their business.

In its petition appellee has asked for far more relief than granted by the court. The court in its decree enjoins the appellants, James R. O'Connor, W. A. Graham, Leon J. Hood, Jake M. Russell and National Automobile Association, Inc., and "its agents, servants and employees and independent representatives of each of said defendants, from soliciting the *members of National Motor Club of Texas, Inc. as of July 16, 1964, or before,* to drop their said membership and/or switch to the National Automobile Association, Inc., membership, or selling to said members of National Motor Club of Texas, Inc., a membership in the defendant National Automobile Association, Inc." The trial court evidently concluded that this was the minimum protection required by appellee pending a trial of the case on its merits. The court in its judgment recites:

"* * * the Court thereupon ordered the matter to proceed, and having heard the witnesses and argument of counsel is of the opinion that the plaintiff National Motor Club of Texas, Inc., is entitled to the temporary injunction as herein granted, the same being within its allegations and prayer, for the reasons that the defendants, and each

of them, and/or their agents, servants, and employees are seeking to improperly take the business of National Motor Club of Texas, Inc., by calling upon its members by virtue of information which was gotten by said defendants, James R. O'Connor, W. A. Graham and Leon J. Hood, and/or each of them through prior association with National Motor Club of Texas, Inc.; * * *"

Appellee brought this suit against all of the appellants alleging a fraudulent conspiracy between some of them, in which the others joined in furtherance of their scheme to destroy, disrupt and put out of business appellee Corporation. It further alleged unfair competition, and the breach of written agreements, and the use by certain of the appellants of membership lists, mailing lists and other data obtained by one of the appellants while in the employ of appellee. Its petition with exhibits attached, consists of some 33 pages. To such petition appellants have filed a plea in abatement, an answer denying appellee's allegations of conspiracy and specific wrongful acts by certain of the appellants. They have also counterclaimed against appellee alleging unlawful conduct and unfair competition, slanderous and defamatory misrepresentations and damages, actual and exemplary, in the sum of $350,000.00.

It is thus seen that the case involves serious and complicated controversies both of fact and of law which should be determined upon a final hearing of the case on its merits. Such matters may not be determined on a hearing of an application for temporary injunction brought to preserve the status quo during pendency of the principal cause of action. Transport Co. of Texas v. Robertson Transports, Inc., 1953, 152 Tex. 551, 261 S.W.2d 549; James v. E. Weinstein & Sons, 1929, Tex.Com. App., 12 S.W.2d 959; Anderson v. Tall Timbers Corporation, 1961, 162 Tex. 450, 347 S.W.2d 592.

The injunctive relief granted herein does not undertake to determine these various complicated issues of fact and law. It merely undertakes to maintain the status quo during the pendency of the cause of action until there can be a trial on the merits. The purpose of a temporary injunction is to maintain the status quo in regard to the matter in controversy and not to determine the respective rights of the parties under the cause of action asserted or defenses and counter-claims urged. James v. E. Weinstein & Sons, supra. As stated in that case, the legitimate purpose of the temporary injunction is merely to preserve the existing condition until the final hearing can be had on the merits. The status quo to be preserved by a temporary injunction is the last actual, peaceable, noncontested status which preceded the pending controversy. Transport Co. of Texas v. Robertson Transports, supra.

To warrant the granting of a temporary injunction the applicant is not required to establish that he will ultimately prevail in the litigation. He is merely required to show probable right and probable injury. The probable existence of a right and of danger thereto if a temporary injunction is not granted is determinative of the need for such writ. Transport Co. of Texas v. Robertson Transports, Inc., supra; City of Baytown v. General Tel. Co. of Southwest, Tex.Civ.App., 256 S.W.2d 187, writ ref., n. r. e.; 31 Tex.Jur.2d, p. 265, Injunctions, § 150.

The law is well settled that the granting or refusing of a temporary injunction is a matter that rests within the sound discretion of the trial court. Accordingly, the scope of appellate review is limited to the narrow question of whether the action of the trial judge in granting the injunction constitutes a clear abuse of discretion. Texas Foundries v. International Moulders & Foundry Workers' Union, 151 Tex. 239, 248 S.W.2d 460; Railroad Com-

mission v. Shell Oil Company, Inc., 146 Tex. 286, 206 S.W.2d 235; Janus Films, Inc. v. City of Fort Worth, 1962, 163 Tex. 616, 358 S.W.2d 589.

Appellants have failed to show a clear abuse of discretion by the trial court.

Judgment affirmed.