**J. W. HALL, Appellant,**

v.

**J. M. MUCKLEROY et al., Appellees.**

No. 6850.

Court of Civil Appeals of Texas.

Beaumont.

Jan. 12, 1967.

Rehearing Denied Feb. 1, 1967.

Forse & Forse, Newton, John E. Collins, Dallas, for appellant.

Joe H. Tonahill, Jasper, for appellees.

PARKER, Justice.

This suit was instituted by J. W. Hall against J. M. Muckleroy and Robert L. Muckleroy. Ancillary to its suit for damages, the plaintiff sought a temporary injunction against the defendants to desist and refrain from operating, using and maintaining two cattle holding and shipping pens and loading chute located adjacent to the east property line of land upon which the plaintiff's home and business was located. On the 21st day of December, 1965, the court refused and denied to enter a temporary injunction.

The Chamber of Commerce of Kirbyville promoted the location of an auction barn north of the City of Kirbyville. They were successful in this promotion and an auction barn was established. About 1954 the defendants acquired the 5 acre tract of land upon which this auction barn was located and such business. Plaintiff Hall's wife worked for the defendants there from 1956 through 1964. In 1956 plaintiff rented a tract of approximately ½ acre out of the 5 acres owned by defendants for the purpose of using a house thereon as his home and operating a welding shop and junk yard adjoining his home, expecting to get business from the defendants' customers. Plaintiff had been in the dairy business himself and was familiar with cattle, with the auction barn and its operation. On February 25, 1957, he purchased the ½ acre tract upon which his home and welding shop was located from J. M. Muckleroy. The purchase price was some $5,000, all on credit. The auction barn and livestock pens were present and being used when plaintiff purchased from Muckleroy. When plaintiff

moved into this place as a tenant of Muckleroy he stated that livestock didn't bother him and his wife, as they were accustomed to them. In addition to the original auction barn, defendants maintained a business of holding cattle and shipping them to other places. The combined business of the defendants increased from year to year and at the time of the institution of this suit on November 24, 1965, the defendants had 30 employees with a business that enabled farmers, ranchers and livestock owners in several counties to market annually livestock of a value in excess of 3 million dollars. There is evidence that this business is an asset to the City of Kirbyville and to the community generally, greatly in excess of any damage plaintiff has suffered. From the very beginning of plaintiff's possession of his business and home the defendants held weekly auctions in the barn which, according to the evidence and plaintiff's original petition, were attended by from 50 to 500 people, accompanied by a continuous clamor and din during the whole time they were in progress, with the animals bawling and continuously crying out, with drivers of automobiles starting and racing motors and blowing horns, with peddlers and auctioneers shouting at the top of their lungs. On Wednesdays of each week when auctions are held great numbers of vehicles are parked in and on the highway in front of defendants' premises and plaintiff's premises and up and down the highway for a quarter of a mile or more. Plaintiff complained of the odor and unsanitary condition of the barns and pens. Substantially all of the complaints of plaintiff, according to his own testimony, existed prior to September 1965 when defendants constructed or reconstructed two stock holding and shipping pens and a loading chute on their own property. The fence was within some 30 feet of plaintiff's bedroom window. Plaintiff complained of flies, stench, constant odors and noises causing great annoyance, discomfort and loss of sleep to the occupants of plaintiff's house, seriously and injuriously affecting the quiet and peaceful enjoyment and use of plaintiff's premises.

There was conflicting testimony as to sanitation maintained on defendants' property upon which their business was located, but this was not controlling on the decision to grant or deny a temporary injunction. Some time after defendants' business was established, the exact date being unknown, all of this property by some procedure was annexed by the City of Kirbyville. On the opposite side of the highway are three or more business establishments. The photograph introduced in evidence shows clearly that this is primarily an industrial area.

Plaintiff's point of error No. 2 is:

"2. Since the plaintiff was complaining of only a small portion of the defendants' operation, the trial court erroneously considered and gave undue weight to certain irrelevant and improper evidence with respect to the 'balancing of equities' as to defendants' entire operation."

Here we are dealing with the principles announced in Storey v. Central Hide & Rendering Co., 148 Tex. 509, 226 S.W.2d 615 (1950). In this opinion the Supreme Court said:

"The only question to be decided is whether this nuisance should be abated, or should petitioners be relegated to suits for damages for the injuries the record shows they suffer by virtue of respondent's operation of the rendering plant."

The Court of Civil Appeals opinion in that case is found in 223 S.W.2d at page 81 (Sept. 8, 1949), which held the injunction should not have been granted. In the Supreme Court opinion in Storey v. Central Hide & Rendering Co., supra, the Supreme Court held:

"Petitioners take the position that the jury having found the facts constituting the nuisance, they were entitled to the injunction abating the plant as a matter of right. We do not agree. We think that there should have been a balancing of equities in order to determine if an injunction should have been granted.

" 'According to the doctrine of "comparative injury" or "balancing of equities" the court will consider the injury which may result to the defendant and the public by granting the injunction as well as the injury to be sustained by the complainant if the writ be denied. If the court finds that the injury to the complainant is slight in comparison to the injury caused the defendant and the public by enjoining the nuisance, relief will ordinarily be refused. It has been pointed out that the cases in which a nuisance is permitted to exist under this doctrine are based on the stern rule of necessity rather than on the right of the author of the nuisance to work a hurt, or injury to his neighbor. The necessity of others may compel the injured party to seek relief by way of an action at law for damages rather than by a suit in equity to abate the nuisance.

" 'Some one must suffer these inconveniences rather than that the public interest should suffer. * * * These conflicting interests call for a solution of the question by the application of the broad principles of right and justice, leaving the individual to his remedy by compensation and maintaining the public interests intact; this works hardships on the individual, but they are incident to civilization with its physical developments, demanding more and more the means of rapid transportation of persons and property.'

" 'On the other hand, an injunction may issue where the injury to the opposing party and the public is slight or disproportionate to the injury suffered by the complainant.

" 'Some decisions ignore the balance of injury doctrine as above stated. They seemingly authorize the grant of an injunction as a matter of right where the facts present a clear case of nuisance. But these cases do not represent the weight of authority.' Sec. 35, Nuisances, 31 Tex.Jur. 448."

The Supreme Court affirmed the judgment of the Court of Civil Appeals.

In the second point of error plaintiff asserts that the balancing of equities should not have been considered by the court in deciding whether or not to issue a temporary injunction citing O'Connor v. National Motor Club of Texas, Inc., 385 S.W.2d 558 (Tex.Civ.App.1964, n.w.h.). In the above case there were counterclaims and the court properly held such counterclaims should not have been considered on the question of granting a temporary injunction.

■ The trial court properly denied a temporary injunction in favor of the plaintiff against the defendants. Balancing of equities was properly considered by the trial court.

■ Plaintiff's point of error No. 4 is as follows:

"4. The trial court abused its discretion in not granting plaintiff's application for a temporary injunction since it was undisputed that defendants were violating valid ordinances of the City of Kirbyville, Texas thereby placing on the trial court the duty to apply the law to the undisputed facts."

Plaintiff's Exhibit No. 2 was an ordinance passed on November 14, 1946. That part of the ordinance plaintiff asserts was violated is as follows:

"Section 1. No owner, Tenant, or Lessee of any lot or lands in the City of Kirbyville, Texas, shall erect or maintain thereon *within 10 feet of a property line,* public street, alley or building used for residence purpose any barn or stable for the keeping of mules, horses, goats, hogs, cows or other cattle. (Emphasis added.)"

Plaintiff contends it is undisputed this ordinance was being violated. There is no evidence that defendants erected or maintained within 10 feet of a property line or building used for residence purposes any

barn or stable for the keeping of livestock. There is evidence there was a fence within some 27 feet of plaintiff's house. The other ordinance complained of was an ordinance passed on September 7, 1927, defining and declaring a number of things to be nuisances as follows:

"5. *Every trade, business or occupation injurious to the health or comfort of those who reside in the vicinity;* and any lot or parcel of land, or any receptable (sic), containing water or slops suffered to become stagnant, offensive or unwholesome from any cause.

"19. Any unwholesome food, liquor or adulterated medicines; *and all cattle, horses or hog pens, stables, enclosures, or any place in which any cattle, horse or horses, hogs or dogs may be kept; confined or placed or left standing, which from use may have become offensive to persons residing in the vicinity,* or to the public. (Emphasis added.)"

The above does not prohibit the operation of an auction barn and shipping pen within the City Limits of Kirbyville. The ordinances do attempt to regulate the manner of operation in order to maintain sanitation. There is evidence pro and con as to the sanitary preventive measures taken to prevent the operations of defendants' business from becoming a nuisance.

The other points of error of plaintiff are:

"1. The trial court erred in refusing plaintiff's motion for a temporary injunction since the plaintiff was merely attempting to preserve the status quo.

"3. The trial court erred in hearing and in giving weight to improper and irrelevant evidence introduced by the defendants as to precautionary and sanitary measures and a general exercise of care on their part in the operation of their business.

"5. The trial court abused its discretion in denying plaintiff's motion for a temporary injunction since it was shown that defendants' operation had been and could have been conducted in a manner which would not have so substantially interfered with the plaintiff's right to the peaceful use and enjoyment of his home and property.

"6. The trial court abused its discretion in denying plaintiff's application for a temporary injunction in that the plaintiff clearly established both a probable right and definite injury.

"7. The trial court abused its discretion in denying the plaintiff's application for a temporary injunction since the condition complained of was of a recurring nature, any legal remedy thereby being inadequate."

Each and all of plaintiff's points of error take the position that they established a probable right and a probable injury as a result of a probable nuisance with an absolute right to a temporary injunction as against defendants to maintain a status quo. The last actual peaceable uncontested status which preceded the pending controversy was not in September of 1965, but was many years prior thereto. Certainly, plaintiff's points of error, in effect, adopt the dissenting opinion of the Court of Civil Appeals in Central Hide & Rendering Co. of Wichita Falls v. Storey, 223 S.W.2d 81. At one place in his brief, plaintiff argues therefrom. The dissenting opinion in that case was not followed by the Supreme Court of Texas, reported in 226 S.W.2d 615. On the contrary, the majority opinion of the Court of Civil Appeals was upheld.

■ When the balancing of equities is not involved, the principles relied upon by plaintiff are well stated in Transport Co. of Texas v. Robertson Transports, 152 Tex. 551, 261 S.W.2d 549, 553 (1953). In the instant case the trial court refused to issue the temporary injunction, considering the injury which may result to the plaintiff as slight in comparison to the injury caused the defendants and the public in general by enjoining the nuisance. The trial court

followed the opinion in Storey v. Central Hide & Rendering Co., supra.

Each and all of plaintiff's points of error are overruled.

Judgment of the trial court is affirmed.