Clyde BEDFORD, Appellant,

v.

Martin L. PLUM, Appellee.

No. 718.

Court of Civil Appeals of Texas, Tyler.

June 28, 1973.

Rehearing Denied July 26, 1973.

Chester V. Hines, Granberry & Hines, Crockett, for appellant.

Gus E. Meriwether, Sallas, Griffith & Meriwether, Crockett, for appellee.

MOORE, Justice.

This is an appeal from an order granting a temporary injunction. Appellee, Martin L. Plum, brought suit against appellant, Clyde Bedford, for damages for destroying a certain fence enclosing Plum's lands and resulting in the escape of his cattle. Ancillary to his main suit, Plum sought a temporary injunction against Bedford restraining him from molesting, removing or destroying the fence pending trial on the merits. Appellant answered with a general denial and by way of a cross action sought damages against Plum, alleging that the fence which he constructed was constructed across a public road. He alleged that the fence prevented him from tending his cattle and as a result some of his cattle died causing him to suffer damages in the amount of $750.00. Appellant, Bedford, also sought a temporary injunction against appellee to enjoin and restrain him from obstructing a public road. The trial court set the matter for hearing on appellee's motion for a temporary injunction pendente lite. After a hearing without the aid of a jury, the trial court entered a tempo-

rary injunction against appellant restraining him from molesting, removing or destroying appellee's fence pending trial on the merits. It is from this order and judgment that appellant perfected this appeal.

Appellant seeks a reversal asserting that the trial court erred in impliedly finding that the roadway in question was not a public roadway because he contends such finding is contrary to the undisputed evidence. Appellant also urges that the court erred in issuing the injunction restraining him from using the road because the order failed to preserve the status quo. We overrule appellant's points of error and accordingly affirm the judgment of the court below.

The record shows that the roadway or "lane" (as it is sometimes referred to in the testimony) commences at a point on Highway 287 and goes in a westerly direction until it enters the land owned by appellee. It then contines in a westerly direction across a forty-acre tract owned by appellee and enters land owned by the appellant. The roadway was constructed by people living in the community sometime prior to 1920, and was used by them as a means of ingress and egress to farmland in the area. There is some testimony that the previous landowners stated at the time the road was built that they were donating the land for a public road. In recent years the record shows that the twenty-four foot "lane" was primarily used by appellant and his tenants in using land lying west of that owned by the appellee. The evidence shows that for several years prior to the time appellee purchased his land there was a gate across the roadway at the point where it entered his land and also a gate across the roadway at the point where the roadway left his land and entered upon the land of appellant. The controversy arose when appellant refused to keep the gate closed at the point where it entered appellee's property. Appellant took the position that the road was a public road and that he had no duty to keep the gate closed. As a result, appellee constructed the fence across the road. It is undisputed that the fence remained there for more than a year before appellant admittedly destroyed it.

There is no evidence that appellant maintained any improvements on his land. The record also shows that appellant had access to his land by way of a farm-to-market road running along the west side thereof.

■ We cannot agree with appellant's proposition that the trial court impliedly found that the roadway in question was not a public roadway. The record contains no findings of fact or conclusions of law and we fail to find anything in the record indicating that the trial court either expressly or impliedly so found. The temporary injunction order simply enjoins appellant pendente lite from molesting, removing or destroying the fence. While there may have been some evidence before the court showing that the roadway in question had been intermittently used by the public for a long period of time and that some of the landowners stated they were giving their land to be used for a public road, does not constitute conclusive proof of a public road by prescription or dedication. These issues constitute the primary issue to be determined on appellee's application for permanent injunction and involves a fact question which may be determined only upon a trial on the merits.

■ The purpose of a temporary injunction is to maintain the status quo in regard to the matter in controversy and not to determine the respective right of the parties under the cause of action asserted or defenses or counterclaims urged. Transport Co. of Texas v. Robertson Transports, 152 Tex. 551, 261 S.W.2d 549 (1953); James v. E. Weinstein & Sons, 12 S.W.2d 959 (Tex.Comm'n.App., 1929); O'Connor v. National Motor Club of Texas, Inc., 385 S.W.2d 558 (Tex.Civ.App., Houston, 1964).

■ To warrant the granting of a temporary injunction the applicant is not re-

quired to establish that he will ultimately prevail in the litigation. He is merely required to show probable right and probable injury. The probable existence of a right and of danger thereto if a temporary injunction is not granted is determinative of the need of such writ. O'Connor v. National Motor Club of Texas, Inc., supra; 31 Tex.Jur.2d p. 265, Injunctions, sec. 150. Appellant seems to assume that the trial court determined, as a matter of fact, that the road was not a public road, and based upon this assumption argues that the judgment is erroneous because it is contrary to the undisputed evidence. Since the assumption is not valid, appellant's contention is without merit.

■ The status quo to be preserved by a temporary injunction is the last actual, peaceable, non-contested status which precedes the pending controversy. Transport Co. of Texas v. Robertson Transports, supra; O'Connor v. National Motor Club of Texas, Inc., supra. In view of the fact that the appellee had peaceably maintained a fence across the road for more than a year prior to the time the present suit was instituted, we think the trial court was authorized to conclude that this situation constituted the last peaceable, non-contested existing condition and that such condition should be preserved by a temporary injunction until a final hearing could be had on the merits.

■ The granting or refusing of a temporary injunction is a matter that rests within the sound discretion of the trial court. Accordingly, the scope of appellate review is limited to the narrow question of whether or not the action of the trial judge in granting the injunction constitutes a clear abuse of discretion. Janus Films, Inc. v. City of Fort Worth, 163 Tex. 616, 358 S.W.2d 589 (Tex.1962). We are of the opinion that no abuse of discretion was shown.

Accordingly, the judgment of the trial court is affirmed.