**Robert B. BALLENGER & Robert B. Ballenger, Jr., Appellants,**

v.

**Joe David BALLENGER, et al., Appellees.**

No. 13–83–475–CV.

Court of Appeals of Texas, Corpus Christi.

March 15, 1984.

Rehearing Denied April 12, 1984.

R.K. Whittington, Stapleton, Whittington, Curtis & Huddleston, Harlingen, for appellants.

Rollins M. Koppel, Koppel, Ezell & Jackson, Harlingen, for appellees.

Before NYE, C.J., KENNEDY and GONZALEZ, JJ.

## OPINION

KENNEDY, Justice.

This is an appeal from an order granting an application for a temporary injunction. The judgment will be reversed.

Appellant, Robert B. Ballenger and appellees, Joe Davis Ballenger, W.T. Ballenger, and Katherine Ethel Ballenger Fairchild, are brothers and sisters. Appellees originally instituted suit against appellant seeking, primarily, 1) a declaratory judgment construing certain trusts which were established by their mother, Ethel Ballenger, 2) an accounting from appellant for all monies and properties received by him through his dealings with the trust properties, and 3) a temporary injunction enjoining the appellant from further managing trust properties to the exclusion of the appellees. Appellant brought a counterclaim alleging that W.T. and Joe Davis Ballenger were controlling and using trust property for their own benefit in breach of their fiduciary responsibilities.

A brief review of relevant facts is necessary for a better understanding of this unfortunate family dispute. The appellant and appellees are the four surviving children of Joe G. and Ethel Ballenger, long time residents of Cameron County, Texas. The Ballengers owned and operated a 4,000 acre farm known as "Ballenger Farms." Appellant, Robert B. Ballenger, has worked on the farm since 1938 except for a 3-year period in which he served in the United States military service. Appellees, Joe Davis Ballenger and W.T. Ballenger, involved themselves in the other family interests owned by the Ballengers such as banking and a construction company. Appellee, Katherine Ethel Ballenger Fairchild, performed bookkeeping functions for the farm from approximately 1944 through 1967.

In 1963, Ethel Ballenger died. In her will, Ethel left all of her property, both real and personal, to her four children and named her husband, Joe G. Ballenger, as trustee. Her will provided that, after her husband's death, the trust would be managed, held and controlled by her four children. In 1971, Joe G. Ballenger died and left his property in four equal shares to the children.

It is apparent from the record that the appellees have become dissatisfied with the farming practices of appellant and, generally, with the way that he is dealing with what they believe is trust property. Robert Ballenger contends that his parents entered into an oral agreement with him to allow him to farm on Ballenger Farms for the rest of his life and, therefore, he is not subject to the demands made upon him by his brothers and sisters. He has continued to operate the farm and has paid rent to the trusts in the amount of one-third of all grain and one-fourth of all cotton produced from the farm.

On April 15, 1983, appellees filed their first amended application for injunctive relief requesting that appellants be temporarily enjoined during the pendency of this cause from entering upon the described premises and using, occupying, ranching, or farming the Ballenger farms or any part thereof without a written lease agreement with its rightful owners. On October 3, 1983, the trial court entered an order finding, among other things, that Robert Ballenger and his son, Robert Ballenger, Jr., are presently farming Ballenger Farms without the lawful consent of the legal

owners and also that Robert Ballenger and Robert Ballenger, Jr. do not have a present legal right to farm part of the Ballenger Farms. The trial court then ordered that Robert Ballenger and Robert Ballenger, Jr. shall within ten days from the date of entry of its order either 1) quit the premises of Ballenger Farms and remove themselves therefrom or 2) execute a specific written lease agreement with the appellees (the lease agreement is attached to the trial court's order and marked Exhibit "A"). The lease agreement, by its terms, is for a term of one year with a termination date of August 31, 1984. On expiration of the lease agreement, the appellant is to "quietly deliver up the premises."

■ A trial court has broad discretion in determining whether to grant or to deny a temporary injunction. *Janus Films, Inc. v. City of Fort Worth,* 163 Tex. 616, 358 S.W.2d 589 (1962). Since this is an appeal from the granting of a temporary injunction, this Court must determine whether or not the trial court abused its discretion by granting such relief. *Transport Co. of Texas v. Robertson Transports, Inc.,* 152 Tex. 551, 261 S.W.2d 549 (1953); *Long v. Castaneda,* 475 S.W.2d 578 (Tex.Civ.App.—Corpus Christi 1971, writ ref'd n.r.e.). In a hearing on an application for a temporary injunction, the only question before the court is the right of the applicant to a preservation of the status quo of the subject matter of the suit pending a final trial of the case on its merits. *Transport Co. of Texas,* 261 S.W.2d at 552; *MGJ Corporation v. City of Houston,* 544 S.W.2d 171 (Tex.Civ.App.—Houston [1st Dist.] 1976, writ ref'd n.r.e.).

■ We conclude that the trial court abused its discretion and that its order went far beyond the maintenance of the status quo. It is the law of this state that, ordinarily, a court will not decide disputed ultimate fact issues in a hearing on an application for a temporary injunction; nor will a temporary injunction ordinarily issue if the applicant would thereby obtain substantially all the relief which is properly obtainable in a final hearing. *Dallas Inde-*

*pendent School District v. Daniel,* 323 S.W.2d 639 (Tex.Civ.App.—Dallas 1959, writ ref'd n.r.e.). In *Texas Foundries, Inc. v. International Molders and Foundry Workers' Union,* 151 Tex. 239, 248 S.W.2d 460, 464 (1952), our Supreme Court said, "[i]t is error for a trial court to grant a temporary injunction, the effect of which would be to accomplish the object of the suit. To do so would be to determine rights without a trial."

■ In the case before us, appellees, in their original petition, have sought a declaratory judgment for a construction of the will of Ethel Ballenger as it relates to the trusts established for the children. At issue will be the rights of the litigants to control and possess Ballenger Farms, since Robert Ballenger has answered and pled that he has a right to possession of the Ballenger Farms for the remainder of his lifetime. At the hearing on the temporary injunction, there was conflicting testimony in regard to who has the superior right to possess Ballenger Farms. It was error for the trial court to make a finding, in advance of a trial on the merits, that Robert Ballenger did not have a present legal right to farm part of Ballenger Farms. Likewise, it was error to base a temporary injunction on such a finding. A temporary injunction will not be granted when the evidence raises material disputed issues of fact. *Dallas Independent School District v. Daniel,* 323 S.W.2d at 641. Points of error one through five are sustained, and the judgment of the trial court will be reversed.

Point of error number seven contends that the trial court erred and abused its discretion in granting a temporary injunction to either execute a lease or to vacate the Ballenger Farms since an injunction destroys rather than preserves the status quo. We agree. The term "status quo" generally refers to the last actual, peaceable, non-contested status which preceded the pending controversy. *Transport Co. of Texas,* 261 S.W.2d at 553; *Bedford v. Plum,* 497 S.W.2d 534 (Tex.Civ.App.—Tyler 1973, writ ref'd n.r.e.). The record re-

flects that Robert B. Ballenger and Robert B. Ballenger, Jr. have been farming the Ballenger farms continuously since 1938 with the exception of a three year period in which he served in the military service. Appellant has never operated the farm under any lease agreement of appellees and has been in peaceable possession of the property since that time. The temporary injunction should not have been granted because it disturbed the status quo, and its effect, together with the findings of the court, was to grant appellee even more relief than he has sought to obtain by his original petition. *See Story v. Story*, 142 Tex. 212, 176 S.W.2d 925 (1944); *City of Dallas v. Patti*, 286 S.W.2d 664 (Tex.Civ. App.—Dallas 1956, writ ref'd n.r.e.). Thus, the trial court erred in disturbing the status quo by requiring that Robert Ballenger either quit the premises of Ballenger Farms or enter into a lease agreement with appellees. Appellants' seventh point of error is sustained.

By points of error six, nine and ten, appellants allege that the trial court abused its discretion in granting the temporary injunction in that a balancing of the equities clearly shows that more harm will result to appellants by granting the injunction than will result to plaintiffs if the injunction is denied. Also, appellants allege that the appellees failed to show that they will suffer irreparable harm pending the outcome of the litigation and there is no evidence or insufficient evidence that the plaintiffs do not have an adequate remedy at law. We agree with appellants' contentions. It has been held that injunctive relief will not be granted unless the applicant has shown that irreparable injury will result if such relief is not afforded and that the applicant has no adequate remedy at law for damages which may result pending an outcome of the litigation. *Haynie v. General Leasing Company, Inc.*, 538 S.W.2d 244 (Tex.Civ.App.—Dallas 1976, no writ); *Bagley v. Higginbotham*, 353 S.W.2d 868, 869 (Tex.Civ.App.—Beaumont 1962, writ ref'd n.r.e.). We believe that the evidence presented failed to show irreparable injury or the absence of an adequate

remedy at law. Appellee has responded to appellants' points of error by stating that, since appellant is trespassing on their property, this extinguishes the need to show the lack of an adequate remedy at law. We do not agree, particularly since we have held that it was error for the trial court to have made a finding that appellant does not have a present legal right to farm part of Ballenger Farms.

Appellants' remaining points of error need not be considered since our above findings are decisive of the appeal.

The judgment of the trial court is reversed and judgment is hereby rendered that the temporary injunction be dissolved.