JANUS FILMS, INC., Petitioner
V.
CITY OF FORT WORTH ET AL, Respondents

No. A-8946. Decided June 13, 1962
Rehearing Denied July 18, 1962
358 S.W. 2d 589

*Tobolowsky, Hartt, Schlinger & Blalock,* Dallas, for petitioner.

*S. G. Johndroe,* City Attorney, Fort Worth, for respondent.

PER CURIAM.

This case is before us as an appeal from the denial of a temporary injunction. Petitioner Janus sought an injunction to enjoin the City of Fort Worth from interfering with the exhibition of the film "The Virgin Spring" in Fort Worth. The Censorship Board of that city had refused to grant an unconditional permit to display the film but had conditioned its approval upon the deletion by the petitioner of the so-called "90 second rape scene". The Court of Civil Appeals has affirmed the action of the trial court in denying the temporary injunction.

In suits for temporary injunctions, the trial judge is endowed with broad discretion to grant or deny the injunction. Railroad Commission vs. Shell Oil Co., 146 Texas 286, 206 S.W. 2d 235. Accordingly, the scope of appellate review in such cases is limited to the narrow question of whether the action of the trial judge in granting or denying the temporary injunction constitutes a clear abuse of discretion. Texas Foundries v. International Moulders & Foundry Workers' Union, 151 Texas 239, 248 S.W. 2d 460.

The purpose of a temporary injunction is to preserve the status quo of the subject matter of the suit pending a final trial of the case on its merits. Transport Co. of Texas v. Robertson Transports, Inc., 152 Texas 551, 261 S.W. 2d 549. In the last cited case, we defined "status quo" as being "the last, actual, peaceable, noncontested status which preceded the pending controversy". Applying that definition to the case at bar would result in the status quo to be properly preserved being that time at which petitioner had no permit to display his film, conditional or otherwise. By his petition, petitioner sought to have the board enjoined from interfering with the display of the film in question thus affording him the opportunity to display the film as if he had an unconditional permit.

To have granted the petitioner that relief could quite possibly have rendered the questions in this case moot rather than have preserved them for ultimate decision when the case came on for trial as a suit for permanent injunction. Such a result would defeat the purpose of the temporary injunction proceeding. Thus, we are of the opinion that no abuse of discretion has been shown in denying the injunction.

This opinion is not to be construed as passing on the merits of the case in any respect. Its sole function is to uphold the action of the trial court in denying the temporary injunction. The application for writ of error is refused, no reversible error.

Opinion delivered June 13, 1962.