**McLENNAN & HILL COUNTIES TEHUA-CANA CREEK WATER CONTROL & IM-PROVEMENT DISTRICT NO. 1, Appellant,**

v.

**A. C. HURST et ux., Appellees.**

**No. 4241.**

Court of Civil Appeals of Texas.

Waco.

May 7, 1964.

John B. McNamara, Jr., Waco, for appellant.

George Clark and Bill Hayner, Waco, for appellees.

WILSON, Justice.

Defendant district appeals from a temporary injunction restraining it from going on plaintiffs' land or constructing or maintaining thereon any structure in connection with a dam or emergency spillway.

The petition upon which the writ was granted alleged that an easement was executed by plaintiffs which authorized defendant district to use plaintiffs' land "For and in connection with the construction, alteration, operation and inspection of the following described works of improvement to be located on the above described land; for the flowage of any waters in, over, upon or through such works of improvement; and for the permanent storage and temporary detention, either or both, of any waters that are impounded, stored or detained by such works of improvement; Floodwater retarding structure, consisting of a portion of an earthen dam and emergency spillway; portions of the sediment, sediment reserve and detention storage pools, including an area that will be inundated during emergency spillway flow", and reciting "Project involves approximately 18.5 acres of the above described" 139.85 acres owned by plaintiffs. The easement contained other provisions not necessary to recite.

The petition alleged execution of this easement was induced by defendant's representations that a deep-water lake would be situated on plaintiffs' lands when the structures were completed thereon; that defendant was threatening to construct the dam and other structures so that no portion of the sediment pool, sediment reserve pool and detention storage pool would be on their lands (but only that from emergency spillway flow), thus depriving them of use of, and access to the lake.

The petition sought three separate remedies: (a) cancellation of the easement, apparently for failure of consideration, and because of the representations; (b) a determination that the improvements mentioned were all required by the terms of the easement to be located on plaintiffs' land, with (c) an injunction restraining construction which would deprive them of the lake.

The court heard evidence and granted the temporary injunction, declaring in the order that the easement authorized defendant district to go on the land only to construct and maintain the structures so that the detention storage and other deep pools would be situated on their lands, and not otherwise; that unless restrained the district would construct a dam which would deprive plaintiffs of such pools and access to the storage water of the lake; that the use proposed to be made of plaintiffs' land in constructing thereon only a portion of the improvements was not granted or authorized by the easement.

█ Both parties urge on us their construction of the easement, and their relative rights under its terms. The scope

of our review is limited to determining whether there was a clear abuse of the trial court's broad discretion in granting the temporary injunction. Janus Films v. City of Fort Worth, 163 Tex. 616, 358 S.W.2d 589.

 The purpose of the temporary injunction is to preserve the last actual, peaceful and non-contested status which preceded the controversy. The purpose of the hearing is to determine whether applicant has a probable right that will probably be endangered unless the writ issues. Camp v. Shannon, 162 Tex. 515, 348 S.W.2d 517, 519; City of Lubbock v. Stubbs, 160 Tex. 111, 327 S.W.2d 411, 415. Where the pleadings allege and the evidence "tends to sustain" a cause of action, there is no abuse of discretion. Transport Co. of Texas v. Robertson Transports, 152 Tex. 551, 261 S.W.2d 549, 552; Camp v. Shannon, above. Although we recognize the temporary injunction should be dissolved if it is based on an erroneous application of law to established facts, Dallas General Drivers, etc. v. Wamix, Inc. of Dallas, 156 Tex. 408, 295 S.W.2d 873, 879; Southland Life Ins. Co. v. Egan, 126 Tex. 160, 86 S.W.2d 722, interpretation of the easement is not the sole subject matter alleged and upon which evidence was adduced. There is no showing here, of a clear abuse of discretion.

The Rules do not require that the order granting the temporary injunction "should specifically find and set forth the reasons why the court believes it probable that the applicant will prevail on a final trial on one or more of the issues made by the pleadings", the Supreme Court held in the Robertson Transports case. Neither is the trial court authorized, however, to finally adjudicate the rights of the parties, for "legal rights cannot be finally determined upon a hearing relating to the wisdom or expediency of issuing a status quo order." Southwest Weather Research, Inc. v. Jones, 160 Tex. 104, 327 S.W.2d 417, 421. See Miers v. Brouse,

153 Tex. 511, 271 S.W.2d 419, 421; James v. E. Weinstein & Sons, Tex.Com.App., 12 S.W.2d 959, 961; Reese v. Wallace Enterprises, Inc., Tex.Civ.App., 376 S.W. 2d 587. Neither the trial court nor this court may properly render a declaratory judgment construing or determining the substantive effect of the contract on an application for this interlocutory order. Houston Belt & T. Ry. Co. v. Texas & New Orleans R. Co., 155 Tex. 407, 289 S.W.2d 217, 218.

The order is reformed so as to delete therefrom the declarations construing the easement, and the portion thereof declaring the legal effect of and the rights of the parties under the easement. Appellant's points not discussed are overruled. As modified, the order is affirmed.