**Weldon C. LONG, Appellant,**

v.

**EMPLOYERS CASUALTY COMPANY et al., Appellees.**

**No. 4315.**

Court of Civil Appeals of Texas.

Waco.

May 27, 1965.

Rehearing Denied June 17, 1965.

Edwards & Faulkner, Waco, for appellant.

Jones, Boyd, Westbrook & Lovelace, L. Wayne Scott, Waco, for appellees.

WILSON, Justice.

Upon appellees' petition alleging appellant was engaging in the operation of an insurance agency in contravention of his previous contract of employment with appellees a writ of temporary injunction was issued "pending final hearing and determination of this cause", enjoining appellant from soliciting or servicing insurance business within the territory specified in the contract "until August 17, 1966," a date some 20 months subsequent to the order.

Both parties urge on us their construction of the employment contract and their rights under its terms. The scope of review is limited to determination of whether there was a clear abuse of the trial court's broad discretion in granting the temporary injunction, Janus Films v. City of Fort Worth, 163 Tex. 616, 358 S.W.2d 589; McLennan & Hill Counties, etc. v. Hurst, Tex.Civ.App., 378 S.W.2d 946, 948; and the purpose of the hearing is to determine whether applicant has a probable right that will probably be endangered unless the writ issues. Camp v. Shannon, 162 Tex. 515, 348 S.W.2d 517, 519; City of Lubbock v. Stubbs, 160 Tex. 111, 327 S.W.2d 411, 415. No clear abuse of discretion is shown.

Final adjudication of the rights of the parties on the hearing for temporary injunction is not authorized, however, for "legal rights cannot be finally determined upon a hearing relating to the wisdom or expediency of issuing a status quo order." Southwest Weather Research, Inc. v. Jones, 160 Tex. 104, 327 S.W.2d 417, 421. Upon such a hearing the substantive effect of the contract cannot be declared. Houston Belt & T. Ry. Co. v. Texas & New Orleans R. Co., 155 Tex. 407, 289 S.W.2d 217, 218; McLennan & Hill Counties, etc. v. Hurst, Tex.Civ.App., 378 S.W.2d 946, 948.

Appellant asserts an error of substantive law which the trial court could not reach on the hearing for temporary injunction without accomplishing the whole object of

the suit, an action not authorized upon the preliminary hearing. Texas Foundries v. International Moulders & F. Wkrs., 151 Tex. 239, 248 S.W.2d 460, 464, syl. 11, and cases cited. His point 3 is sustained.

One-half the costs on appeal are taxed against appellees. The order is modified by deleting therefrom the words, "until August 17, 1966"; and as so modified is affirmed.