Johnny BRADY, Appellant,

v.

Jimmie BOUNDS, Appellee.

No. 4863.

Court of Civil Appeals of Texas.

Waco.

Nov. 6, 1969.

Rehearing Denied Dec. 4, 1969.

Roy Simmons, Mexia, for appellant.

Joe Cannon, Groesbeck, for appellee.

OPINION

HALL, Justice.

This is an appeal from an order temporarily enjoining appellant from violating an alleged agreement not to compete.

Until the 30th day of May, 1969, appellant and appellee were partners in a vending machine business, including cigarette vending machines. On that day, by written agreement, the partnership was dissolved, and appellee purchased appellant's interest in the business, including all equipment and inventory. The contract provides that as further consideration for the purchase price appellant agrees that for a period of five years he will not engage in the coin-operated vending and amusement machine business in Limestone or Freestone Counties. In the agreement, appellant expressly acknowledged that a violation by him of the restrictive covenant would result in damages to appellee and would render him accountable for those damages or to strict compliance.

Appellee brought this action for permanent injunction. He pleaded the contract,

alleged that appellant has violated the restrictive covenant, alleged damages, and sought a temporary injunction pending trial on the merits. Appellant answered with a general denial and cross-action seeking to avoid the contract and recover damages upon allegations of fraud.

The evidence shows the execution of the agreement by the parties; the payment by appellee of the consideration provided in the contract; that appellant is using and operating cigarette vending machines which were owned by the partnership and which he has not yet relinquished to appellee; that these machines are located in Limestone and Freestone Counties; and that appellant is earning a net income from the use of the machines of approximately $400.00 per month.

After hearing, a writ of temporary injunction was issued "pending final hearing in determination of this cause," restraining and enjoining appellee from violating the express terms of the agreement.

The only question before the court at a hearing on an application for a temporary injunction is whether the applicant is entitled to a preservation of the status quo of the subject matter of the suit pending a trial on the merits, and the court is not authorized to determine the case on its merits at that hearing. Houston Belt & Terminal Ry. Co. v. Texas & New Orleans R. Co., 155 Tex. 407, 289 S.W.2d 217, 219. The "status quo" with which the court is concerned is "the last, actual, peaceable, noncontested status which preceded the pending controversy," Transport Co. of Texas v. Robertson Transports, Inc., 152 Tex. 551, 261 S.W.2d 549, 553 (1953); which, in this case, was the status of the controversy as it existed after the parties had executed the contract in question and before its alleged violation by appellant. Therefore, the trial court could not, upon the hearing for temporary injunction, declare the substantive rights of the parties under the contract; and we hold that the court did not err in refusing to permit appellant to adduce evidence of alleged "fraudulent transactions leading up to the execution of the written contract" which he contends will avoid it. Long v. Employers Casualty Company (Tex.Civ.App., 1965, no writ hist.), 392 S.W.2d 161, 162.

Trial courts are endowed with broad discretion to grant or deny an application for temporary injunction, and the narrow question before us is whether the action of the trial court in granting the writ in question constitutes a clear abuse of discretion. Janus Films, Inc., v. City of Fort Worth, 163 Tex. 616, 358 S.W.2d 589 (1962).

The pleadings and evidence before the trial court showed a probable right of recovery in appellee and a probable injury to him if the application for temporary injunction were denied. The court did not abuse its discretion in granting the writ. Camp v. Shannon, 162 Tex. 515, 348 S.W.2d 517, 519 (1961).

Appellant's points and contentions are overruled.

The judgment is affirmed.