Jerome SOBEL, dba, the Script Shop East,
Appellant,

v.

The CITY OF LACY LAKEVIEW,
a Municipal Corp., Appellee.

No. 4991.

Court of Civil Appeals of Texas,
Waco.

March 11, 1971.

See also Tex.Civ.App., 462 S.W.2d 344.

John B. Faulkner, Waco, for appellant.

Q. Z. Valentine, Waco, for appellee.

OPINION

WILSON, Justice.

Appellee City obtained a temporary injunction restraining appellant from selling intoxicating liquor from his store. The petition alleged the City had adopted an ordinance requiring all buildings other than one-family units to have two separate toilets, and that appellant operated a drug and liquor store having only one; that the ordinance was to promote public health and sanitation, and irreparable injury would result unless appellant was enjoined.

Appellant answered that the pharmacy business had been operated in the same building for ten years without objection from the City, and that the City only undertook to enforce the ordinance after he obtained a license to sell liquor; that other businesses in the City were permitted to operate with a single toilet; that the City adopted and followed a policy of enforcing the ordinance only against liquor stores and cafes, which was unjust, arbitrary and discriminatory; and that "the enforcement of said injunction would be deprivation of property under Amendment 14 of the United States Constitution."

Although the evidence is not entirely clear, it is adequate to support the contention that the ordinance is ordinarily enforced only against filling stations, cafes, liquor stores and lounges (with the exception of recently constructed buildings, or those requiring inspection or obtaining a permit or license) during the past two years. Appellant's liquor license was granted in November, 1970. The City's petition was filed the following month.

Appellant's points are to the effect that the temporary injunction was unauthorized because the ordinance was arbitrarily applied; because the injunction deprives him of property under the Fourteenth Amendment; because there is no showing of threat of irreparable harm or substantial relation to public health or welfare; and because of laches.

■ The appellate court is not authorized to sustain or decide these attacks on a temporary injunction. The scope of appellate review is "limited to the narrow question of whether the action of the trial judge" constitutes "a clear abuse" of discretion. Janus Films, Inc. v. City of Ft. Worth, 163 Tex. 616, 358 S.W.2d 589 (1962).

In determining this single restricted issue the appellate court looks only to see that applicant showed a probable right and a probable injury, Camp v. Shannon, 162 Tex. 515, 348 S.W.2d 517, 519; and if the record "tends to sustain" a cause of action, there is no abuse of discretion. Transport Co. of Texas v. Robertson Transports, 152 Tex. 551, 261 S.W.2d 549, 552.

This court is not authorized to finally determine on a temporary injunction appeal the rights of the parties, as appellant's points would require. Southwest Weather Research, Inc. v. Jones, 160 Tex. 104, 327 S.W.2d 417, 421. See cases cited, McLennan and Hill Counties, Etc. v. Hurst (Tex.Civ.App.1964, n. w. h.), 378 S.W.2d 946, 948. The court does not decide the merits on such appeal. Houston Belt & Term. Ry. Co. v. Texas & New Orleans R. Co., 155 Tex. 407, 289 S.W.2d 217. See cases cited, Long v. Employers' Casualty Co. (Tex.Civ.App.1965) 392 S.W.2d 161.

■ For example, constitutional questions are not ordinarily a proper subject for review or decision on a temporary injunction appeal. Shoppers Fair of North Houston, Inc. v. City of Houston (Tex. Civ.App.1966, writ ref. n. r. e.), 406 S.W. 2d 86, 88; City of Houston v. Adams (Tex.Civ.App.1959, writ ref. n. r. e.), 326 S.W.2d 627, 630; State v. Markle (Tex. Civ.App.1962, n. w. h.), 363 S.W.2d 332; 31 Tex.Jur.2d, Injunctions, Sec. 151.

We might well be inclined to differ with the trial court if the appeal was on the merits from a permanent injunction.

■ Although we are unable to rationalize the apparent anomaly that appellant was enjoined only from selling liquor—not from using the building, or operating a pharmacy—it is apparent that the trial court also was not attempting to decide the merits, but to maintain the status quo existing before appellant began the attempted sale of liquor pending trial on the merits; and appellant is not in a position to complain that all the relief sought against him was not granted.

We are unable to hold on this record that there was a clear abuse of the trial court's discretion. Affirmed.