**DALLAS AIR SERVICES, INC., et al.,**
**Appellant,**

v.

**MILLER AIRCRAFT, INC., Appellee.**

No. 4985.

Court of Civil Appeals of Texas,
Waco.

March 25, 1971.

Wallace & Smith, Waco, for appellant.

J. Robert Sheehy, Waco, for appellee.

## OPINION

WILSON, Justice.

Defendant appeals from a temporary injunction in plaintiff-appellee's action for specific performance of a contract or damages for its breach.

The petition alleges plaintiff Miller Aircraft, Inc., agreed to transfer its certificate of convenience and necessity issued by the Texas Aeronautics Commission to defendant Dallas Air Services, the parties agreeing to use their best efforts to accomplish the transfer; that defendant waited over 45 days to make application to the Commission, thereafter withdrew it, and otherwise failed to use its best efforts to effect the transfer. It was alleged $6,600 was deposited in escrow with a bank, and it was sought to enjoin defendant from withdrawing the deposit. The escrow agreement provided that if transfer of the certificate was not completed within 45 days for any reason the escrow deposit was to be returned to defendant Dallas Air Services. It was stipulated plaintiff was ready and able to perform its part of the agreement, and that the contract had not been consummated in 45 days. There is evidence concerning defendant's financial condition. The court temporarily enjoined defendant from withdrawing the deposit pending trial on the merits.

Defendant's position is that its right to withdraw the deposit is settled by the escrow agreement, since it is undisputed from the terms of the agreement it is so

entitled if the contract was not consummated within 45 days "for any reason"; that failure to apply the law to the established facts is an abuse of discretion; and that contract rights will not be enforced by injunction.

The scope of appellate review on appeal from a temporary injunction is restricted to the narrow question of whether the granting of the order is a clear abuse of the court's discretion. Janus Films, Inc. v. City of Ft. Worth, 163 Tex. 616, 358 S. W.2d 589 (1962). The applicant is required to show a probable right and probable injury. Camp v. Shannon, 162 Tex. 515, 348 S.W.2d 517, 519. The sole purpose of the order is to preserve the status quo. Southwest Weather Research, Inc. v. Jones, 160 Tex. 104, 327 S.W.2d 417, 421 (1959). See authorities cited, Sobel v. City of Lacy Yakeview, Tex.Civ.App., 465 S.W. 2d 794. (Opinion dated March 11, 1971).

These principles are settled, and when they are applied here, we are unable to hold the trial court's discretion was abused.

Affirmed.