**Allen B. CLARK, Sr. and Amy Clark, Appellants,**

**v.**

**EL PASO CABLEVISION, INC., Appellee.**

**No. 6231.**

Court of Civil Appeals of Texas, El Paso.

Dec. 15, 1971.

Walter C. McGhee, Jr., El Paso, for appellants.

Peticolas, Luscombe, Stephens & Windle, W. C. Peticolas, El Paso, for appellee.

## OPINION

WARD, Justice.

This appeal is from the granting of a temporary injunction whereby Allen B. Clark and his wife are restrained from interfering with the Plaintiff's use of a certain utility pole and easement located at the rear of the Clark property. We affirm the judgment of the trial Court.

Mr. and Mrs. Clark have their home located on a lot in the Cielo Vista Park Unit N Addition to the City of El Paso. When the map of the addition was dedicated in 1965, the then owner and developer of the addition dedicated to the use of the public, the streets, avenues, drives, roads and utility easements as were therein designated including easements for the overhang of service wires for pole type utilities, including the right to ingress and egress. This map shows that across the entire five feet back portion of the Clark property is one of the easements.

The Plaintiff in the trial Court, El Paso Cablevision, Inc., is in the process of installing a television system whereby for a fee, some eighteen (18) separate television channels are carred to subscribers within the City of El Paso by means of electric cables. To obtain this right, the cablevision company, through an ordinance of the City of El Paso, secured a franchise to construct, maintain and operate the system, the franchise providing that the "grantee is authorized to make a contract or contracts with any public utility company lawfully having poles or underground ducts in the streets, alleys, or public grounds of the City, under which contract the grantees may, by lease, license or otherwise, use such poles or ducts for grantee's cables and necessary equipment". This ordinance provides that "the City agrees that any public utility lawfully having such poles or ducts may, without amending its franchise, allow the grantee to make use thereof". The franchise requires that the cablevision system must be built no later than eighteen (18) months from January 22, 1971; the company must serve all homeowners within the City who apply for service, and its rates are controlled by the City.

The El Paso Electric Company admittedly has the right to use the easement in question. Under the terms of the franchise ordinance, it granted to El Paso Cablevision, the right to attach the cablevision equipment to its poles. The cablevision company placed a strand on the power company pole located in the easement. Thereafter, Mr. Clark required the company to remove the strand. The pleadings of Mr. and Mrs. Clark allege that neither the dedication, the franchise, nor the contract rights with the Electric Company grant any right to the cablevision company to enter the easement and attach the cable and they further allege that there has been an unlawful trespass upon their property.

On the hearing for the temporary injunction, not only were the various instruments above discussed introduced into evidence, but it was further shown that some 125 miles of t.v. strand had already been installed, that the costs including inventory and orders placed, amount to some $1,400,000.00, and that ultimately, some 725 miles of strand and cable will have to be installed to complete the system. Testimony was produced that if the company was not permitted to place its strand and

cable on the one pole located on the disputed easement, that at least twenty (20) homes in the area would be deprived of service, and the company would be in violation of those portions of the franchise which required the furnishing of a complete distribution system within the limited period of time.

■ Complaint is made that the order of the trial Court in granting the temporary injunction does not meet the mandatory requirement of Rule 683, Texas Rules of Civil Procedure, that the order set forth the reasons for the issuance of the writ. The reasons in the original order were that the Court was "of the opinion that the Plaintiff is entitled under the franchise ordinance and the contract it has with the El Paso Electric Company, to use the poles of said utility, and in connection therewith, to use the easement on which the poles are located". The easement was created by the developer dedicating the five (5) foot strip to the use of the public. Acting for the public, the City allowed the Plaintiff the use of the easement. Plaintiff's right to the use of the easement comes from the dedication, and its rights to use the poles comes from the Electric Company. Thus, the Court stated its reasons in the quoted language. The trial Court is almost finding that the applicant will probably prevail in a trial on the merits which is not required. Regardless, an erroneous reason for granting the temporary injunction does not require its dissolution as the pleadings and the evidence before us provide a sound basis in law for its issuance. City of Irving, Texas v. Dallas County Flood Control District, 383 S.W.2d 571 (Tex.1964); Transport Co. of Texas, et al v. Robertson Transports, Inc., 152 Tex. 551, 261 S.W.2d 549 (1953). Being required only to show a probable right and a probable injury, the undisputed evidence is to the effect that the applicant is fighting a deadline with probable loss of franchise rights if deprived of the use of the right of way.

■ If we be mistaken in this, the trial Court cured any error by entry of a nunc pro tunc judgment after appeal was perfected to this Court. This judgment, entered on September 17, 1971, after proper notice and upon hearing, recites that due to inadvertence of counsel, all the reasons were not set forth in the original judgment and states that the "Plaintiff will suffer irreparable injury if the temporary injunction is not granted because it must complete the cablevision system within eighteen (18) months from January 22, 1971, and if the Plaintiff is unable to use the pole, it could not complete the system by that time, and that under the franchise ordinance, the Plaintiff is required to make available to the public within the City of El Paso, its cablevision service, and if they are unable to use the pole in question, Plaintiff could not comply with that provision of the franchise ordinance and that by virtue of either the time element or the failure to furnish service to all of the public requesting it within the City of El Paso, the Plaintiff could lose its franchise because of non-compliance with such franchise".

■ This was a sufficient compliance with the rule. Garcia, et al v. Tubbs, 300 S.W.2d 736 (Tex.Civ.App. Beaumont, 1957, ref. n.r.e.). The record as presented to us on this appeal reflects the entry of a nunc pro tunc judgment as was approved in O'Daniel v. Libal, 196 S.W.2d 211, (Tex. Civ.App. Waco, 1946, no writ hist.). This is distinguished from the situation when the record reflects positively that no reasons were ever stated by the Court at any hearing or at any later time prior to the entry of the original judgment. Smith v. State, 450 S.W.2d 393 (Tex.Civ.App.1970, Austin, no writ hist.).

■ Appellants state that as the owners of the servient estate, an unreasonable and unauthorized burden is being placed on their property in that the terms of the original easement are unduly broadened and that the temporary injunction is therefore based on an erroneous application of law to the established facts. Dallas Gener-

al Drivers, etc., v. Wamix, Inc. of Dallas, 156 Tex. 408, 295 S.W.2d 873 (1956). Having considered the broad general nature of the original easement, the dedication of which was made to the public, and thereafter the grant of the franchise by the City of El Paso, acting for the public, the trial Court was correct in granting the temporary injunction. The cablevision company, at least, has some of the characteristics of a public utility. The scope of our review is limited to the narrow question of whether there has been a clear abuse of discretion. Janus Films, Inc. v. City of Fort Worth, 163 Tex. 616, 358 S.W.2d 589 (Tex.1962). Therefore, we hold that the applicant for the writ has a probable right that will probably be endangered. Camp, et al v. Shannon, 162 Tex. 515, 348 S.W.2d 517 (Tex.1961). We are not to be construed in any way as finally adjudicating the rights of the parties in the easement. McLennan & Hill Counties, etc., v. Hurst, 378 S.W.2d 946 (Tex.Civ. App. Waco, 1946, no writ hist.).

Appellant's points not discussed are overruled. The order of the trial Court is affirmed.