

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

January 26, 1972

Honorable David P. Bell                    Opinion No. M-1059
Executive Director
Texas Industrial Accident Board    Re:   Whether the City of Bryan
State Finance Building                      falls under the jurisdiction
Austin, Texas   78711                       of the Industrial Accident
                                            Board when it has elected by
                                            its code to become self-
                                            insured and attempted to pro-
                                            vide workmen's compensation
                                            benefits outside the Board's
Dear Mr. Bell:                              operation.

        The City of Bryan contends that the Texas Industrial
Accident Board does not have jurisdiction over industrial injuries
to employees of the City.  The City's workmen's compensation code,
in Section 1, provides that the City is not entitled to avail
itself of the general provisions of the Workmen's Compensation Act
of the State.  We do not have any information concerning when this
section was enacted by the City.  You have asked our opinion whether
under the existing law the City falls within the jurisdiction of
the Industrial Accident Board under the above facts.

        In 1952 Article III, Section 61, of our Texas Consti-
tution was adopted; it authorized the Legislature to enact laws
providing workmen's compensation insurance for municipal employees.*

---

*Article III, Section 60, of the Constitution of Texas, which was
adopted on November 6, 1962, provides:

        "Sec. 60.  The Legislature shall have the
power to pass such laws as may be necessary to
enable all counties <u>and other political subdivisions
of this State</u> to provide Workman's Compensation
Insurance, including the right to provide its own
insurance risk, for all employees of the county or
political subdivision as in its judgment is necessary
or required; and the Legislature shall provide suit-
able laws for the administration of such insurance

Thereafter, Article 8309e-2, Vernon's Civil Statutes, concerning workmen's compensation insurance for municipal employees was enacted by the Legislature. Section 1 of this Article reads as follows:

"Section 1. By virtue of the provision of Section 61, Article III, Constitution of the State of Texas, granting the Legislature power to pass such laws as may be necessary to enable all cities, towns, and villages of this state to provide for workmen's compensation insurance, including the right to provide its own insurance risk, for all city, town and village employees as in its judgment is necessary or required, and to provide for the administration of such insurance in the cities, towns, and villages, of this state, and to provide for the payment of all costs, charges, and premiums on such policies of insurance and the benefits to be paid thereunder, provision is made as hereinafter set forth."

Article 8309e-2, in Section 2, defines a "city" to mean any duly and legally incorporated city in the State of Texas and defines "Board" to mean the Industrial Accident Board of the State of Texas. The procedure for the payment of workmen's compensation benefits to city employees is set out in the statute and Section 7 provides that all questions arising under the Act shall be determined by the Board.

A municipality is a political subdivision of the State

in the counties or political subdivisions of this State and for the payment of the costs, charges and premiums on such policies of insurance and the benefits to be paid thereunder." (Emphasis added.)

Article III, Section 60, was amended by the inclusion in that Section of employees of all "political subdivisions" in the previous language that related to only county employees. (See Comment -- 1962 Amendment under Article III, Section 60, Constitution of Texas.)

and its incorporation embraces nothing more than the creation of a governmental agency which becomes invested with such powers as the law confers. Faulk v. City of Tyler, 389 S.W.2d 706 (Tex.Civ. App. 1965, error ref. n.r.e.).

Article XI, Section 5, of the Texas Constitution expressly provides that no city charter or ordinance shall contain any provision inconsistent with the State Constitution or general laws enacted by the Legislature. A home rule city cannot enact rules and regulations contrary to the Constitution and the general laws of the State. City of Austin v. Clendennen, 323 S.W.2d 158 (Tex.Civ.App. 1959, error ref. n.r.e.). In this case the court expressly held that the City of Austin was a self-insurer under the provisions of Article 8309e, Vernon's Civil Statutes.

Neither the charter nor an ordinance of a city can legally contain anything inconsistent with the general laws enacted by the Legislature. Janus Films, Inc. v. City of Fort Worth, 354 S.W.2d 597 (Tex.Civ.App. 1962), application for writ of error ref. n.r.e. in 358 S.W.2d 589 (Tex.Sup. 1962).

It is our opinion that the Texas Industrial Accident Board has jurisdiction over industrial injuries to employees of the City of Bryan.

## S U M M A R Y

By virtue of Article 8309e-2, Vernon's Civil Statutes, the Texas Industrial Accident Board has jurisdiction over industrial injuries to employees of the City of Bryan.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Jack Sparks
Assistant Attorney General

Hon. David P. Bell, page 4     (M-1059)


APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Fisher Tyler
Melvin Corley
Scott Garrison
Glenn Brown

SAM McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant