Joe **RODRIGUEZ**, Appellant,

v.

Frank **BOLADO**, Appellee.

No. 15543.

Court of Civil Appeals of Texas, San Antonio.

March 31, 1976.

Rehearing Denied April 21, 1976.

Stephen G. Cochran, Marc J. Schnall, San Antonio, for appellant.

Kenneth Beanland, San Antonio, for appellee.

KLINGEMAN, Justice.

This is an appeal by Joe Rodriguez from an interlocutory order refusing to grant a temporary injunction. Trial was to the court, who on October 10, 1975, entered its order denying appellant's application for a temporary injunction.

Appellee, Frank Bolado, is the owner of certain property located in Bexar County, Texas, which appellant rented from him on an oral month to month tenancy agreement, which commenced in September 1974. The house rented consists of a living room, two bedrooms, a bathroom, and a kitchen, with the agreed rental being $65.00 a month. Some time after the inception of such tenancy agreement a controversy arose between appellant and appellee as to the condition of the house. Appellant maintains that it is uninhabitable and needs a great deal of repair. In June of 1975 appellant filed a complaint with the Building and Planning Administration of the City of San Antonio concerning alleged defects in the premises. An inspection was made by a housing inspector for the City of San Antonio, who found various defects, and appellee was notified on July 2, 1975, to correct such defects or violations. Such inspector testified that he later made additional inspections but that such defects or violations had not been cured. During such period of time appellant became delinquent in the payment of his rent.

On September 3, 1975, appellant filed a suit in the District Court of Bexar County against Frank Bolado seeking a declaratory judgment, a temporary restraining order, a temporary injunction, and a permanent injunction. In such suit he seeks: (a) a temporary injunction pending disposition of the cause enjoining and restraining appellee from seeking to evict appellant for nonpayment of rent pending repairs being made to the premises, or in retaliation for appellant's complaints concerning the conditions of the premises; (b) a permanent injunction restraining appellee from renting property which fails to meet the implied warranty of habitability, or property which fails to comply with the provisions of the Minimum Housing Code of the City of San Antonio; (c) a declaratory judgment that appellant is obligated to pay his full rent only after appellee complies with his duty to substantially obey the Housing Code and maintain the premises in a habitable condition.

On September 30, 1975, appellant filed an application for a temporary restraining order and temporary injunction in which he asserts that after he filed his suit for declaratory judgment he was served with a notice to quit and a complaint in a forceable entry and detainer suit; that such action by appellee was in retaliation for appellant's complaint to the Building and Planning Administration of the City of San Antonio and for appellant bringing a suit for declaratory judgment. In this proceeding he asks the court to enjoin defendant from proceeding with the forceable entry and detainer suit seeking to evict plaintiff in retaliation for plaintiff's complaints. A temporary restraining order was issued by the court pending the hearing on the temporary injunction, and the hearing set for October 10, 1975. On October 10, 1975, such a hearing was held with all parties being present,

and at such time the District Court denied plaintiff's application for a temporary injunction.[1]

Appellant asserts four points of error: (1) the trial court abused its discretion in refusing to grant an injunction because retaliatory eviction is constitutionally proscribed; (2) the trial court abused its discretion in refusing to grant an injunction because the intent of the Housing Code and public policy prohibit retaliatory eviction; (3) the trial court violated principles of equity and thus abused its discretion in refusing to grant the injunction; (4) the trial court abused its discretion by not finding a retaliatory motive on the part of appellee.

In suits for temporary injunctions, the trial court has broad discretion to grant or deny the injunction, and its judgment will not be overturned on appeal unless the record discloses a clear abuse of discretion. *City of Spring Valley v. Southwestern Bell Telephone Co.*, 484 S.W.2d 579 (Tex.1972); *State v. Cook United, Inc.*, 469 S.W.2d 709 (Tex.1971); *Janus Films, Inc. v. City of Fort Worth*, 163 Tex. 616, 358 S.W.2d 589 (1962); *Texas Foundries, Inc. v. International Moulders & Foundry Workers' Union*, 151 Tex. 239, 248 S.W.2d 460 (1952).

This being a non-jury case, the trial judge was the sole judge of the credibility of the witnesses and the weight to be given their testimony. A trial courts' findings of fact will be upheld on appeal unless manifestly erroneous, and will be overruled only where unsupported by any evidence of probative force, or when they are so against the great weight and preponderance of the evidence as to be manifestly wrong. *Heard v. City of Dallas*, 456 S.W.2d 440 (Tex.Civ.App.—Dallas 1970, writ ref'd n. r. e.); *Kolbo v. Blair*, 379 S.W.2d 125 (Tex.Civ.App.—Corpus Christi 1964, writ ref'd n. r. e.); *Bavousett v. Bradshaw*, 332 S.W.2d 155 (Tex. Civ.App.—Amarillo 1959, writ ref'd n. r. e.); 4 Tex.Jur.2d Appeal and Error—Civil Cases, Sec. 783.

Although appellant made various contentions in his original pleadings, it is clear from appellant's brief that on this appeal he seeks a holding on the limited question of whether a landlord can be prevented from exercising his statutory remedy of eviction if it is shown that such eviction is in retaliation for a tenant's reporting Housing Code violations to the proper authorities. He urges that (a) retaliatory eviction is constitutionally proscribed; (b) the intent of the Housing Code and public policy prohibit retaliatory eviction; (c) such an eviction violates principles of equity; and (d) the trial court abused its discretion in not finding a retaliatory motive on the part of appellee.

1. Findings of Fact: (a) Bolado is the owner of the property in question, and that he, as landlord, and Rodriguez, as tenant, reached an understanding that Rodriguez would rent the property from month to month, and be a tenant at will; (b) Prior to reaching the rental agreement, Rodriguez inspected the premises with the landlord and also viewed and understood the defects in the house as they were pointed out by Bolado, and that the normal rent for said premises was reduced by Bolado as a result of the defects, and this was a part of the understanding of the parties; (c) Rodriguez, with full knowledge of the defects, entered into an oral rental understanding and took possession of the premises from September 24, 1974 until the date of the hearing, and to the present time, which exceeds a period of one year; (d) For a few months Rodriguez has not paid the rent due on the rental agreement, and in mid-August 1975 the tenancy at will was terminated by notice given to Rodriguez by Bolado; (e) Thereafter a forceable entry and detainer suit was filed by Bolado against Rodriguez in the justice court; (f) Rodriguez filed a complaint with the City as to the minimum building standards even though Rodriguez knew of the defects when he entered upon the property; (g) Past due rent has not been paid; (h) The notice to leave the premises was not given in retaliation of any act of Rodriguez and was not done with malice. The trial court also filed Conclusions of Law as follows: (a) The evidence was insufficient as a matter of law to show that the termination of the lease by Bolado was in retaliation of any act or conduct on the part of Rodriguez; (b) Petitioner is not without an adequate remedy of law; (c) Rodriguez will not suffer irreparable injuries upon denial of injunctive relief as requested by him; (d) No implied warranty or express warranty existed as to the habitability of such premises; (e) The landlord has a right to use his property as he sees fit by giving the proper notice to the tenant at will, and that Rodriguez was a tenant at will under the facts outlined above.

Appellant freely admits that the landlord, under the type of tenancy here involved, could terminate the lease and evict the tenant for no reason at all, but he argues long and persuasively that, even so, it is the law, or should be the law, in this State that the eviction cannot be premised on a retaliatory motive. In support of such contention, he cites a number of out of State cases, most of which involve government housing and state action.

However, in order for such doctrine to be applicable, there must be a retaliatory eviction. The trial court here found that the notice to leave the premises was not given in retaliation of any act of the tenant, and that the evidence is insufficient as a matter of law to show that the termination of the lease by the landlord was in retaliation for any act or conduct on the part of the tenant.

We have carefully reviewed all of the evidence. Appellant produced no evidence that such eviction was in retaliation for his reporting Housing Code violations, but relies on the following circumstances: (a) that in June of 1975 appellant filed a complaint with the Building and Planning Administration concerning defects in the house, and subsequent to such complaint an inspector found defects in the house, and that a demand for correction of such defects was sent to appellee by the Building and Planning Administration; (b) that on September 3, 1975, appellant filed a suit against appellee seeking to abate or reduce the rent until the appellee made repairs, and that shortly thereafter appellant received a notice to quit the premises; (c) testimony by appellant that Mrs. Bolado called him and told him that the sheriff had been by her house demanding that Bolado repair the house; that appellant had no business reporting it to anyone; and that she was going to see what she could do; and that he would be sorry.

Appellant urges that the above circumstances establish that the eviction was solely in retaliation for his complaint to the Building and Planning Administration, and also bringing a suit against appellee.

There is other evidence, facts, and circumstances which the court could properly rely on in holding that there was no retaliatory eviction: (a) the tenant had become delinquent in the payment of rent; (b) the relationship between the landlord and tenant had been deteriorating for some time, and there were problems involving the tenancy prior to appellant's complaint to the Housing Commission; (c) evidence that the landlord had previously received a higher rental for the premises and that in making the oral agreement with Rodriguez had reduced the rent because of the condition of the house; (d) evidence that despite such agreement, the tenant made numerous requests for repairs, and some were made at some expense; (e) testimony by Mrs. Rodriguez that in the last week of August Bolado came over and told them he wanted them to move because he was going to sell the house.

Appellant failed to meet his burden of proof that appellee's attempted eviction was in retaliation for appellant's complaint to the housing authorities.

Under the record, there is evidence of probative value to support the trial court's finding that the termination of the lease by appellee was not in retaliation for any act or conduct on the part of appellant, and such finding is sufficiently supported by the record.

Since we have held that the trial court's finding that the eviction was not for retaliatory purposes is sufficiently supported by the evidence, we do not reach the question of whether retaliatory eviction is illegal in the State of Texas.

The trial court did not abuse its discretion in refusing to grant the temporary injunction sought by appellant.

The judgment is affirmed.