**Harmon R. OXFORD, Appellant,**

v.

**LIVESTOCK SANITARY COMMISSION et al., Appellees.**

**No. 15892.**

Court of Civil Appeals of Texas, San Antonio.

Nov. 16, 1977.

In suits for temporary injunctions the trial court has broad discretion to grant or deny the injunction, and its judgment will not be overturned on appeal unless the record discloses a clear abuse of discretion. *City of Spring Valley v. Southwestern Bell Tel. Co.*, 484 S.W.2d 579 (Tex.1972); *State v. Cook United, Inc.*, 469 S.W.2d 709 (Tex. 1971); *Janus Films, Inc. v. City of Fort Worth*, 163 Tex. 616, 358 S.W.2d 589 (1962); *Texas Foundries, Inc. v. International Moulders & Foundry Workers' Union*, 151 Tex. 239, 248 S.W.2d 460 (1952); *Rodriguez v. Bolado*, 536 S.W.2d 88 (Tex.Civ.App.— San Antonio 1976, writ ref'd n. r. e.).

There are certain statutory provisions of the Tick Eradication Law, Tex.Rev.Civ. Stat.Ann. art. 7014g–1 (Supp.1977), applicable here, which may be summarized as follows:

§ 3. Certain counties are quarantined because of tick infestation, which counties include Zapata. The Livestock Sanitary Commission is authorized to designate for tick eradication such counties, or parts thereof, without holding an election. Whenever the Livestock Sanitary Commission designates any of the aforesaid counties, or parts thereof, for tick eradication, the same shall be proclaimed by the Governor of Texas, which proclamation shall be in force and effect on and after the date prescribed in said proclamation.

§ 4. Whenever any county is designated for tick eradication by the Livestock Sanitary Commission and so proclaimed by the Governor, said proclamation shall contain a provision quarantining said county, and the effect of said quarantine shall be to quarantine said county and pastures, persons, lots and premises therein, and all cattle, horses, mules, jacks, and jennets of each individual owner, without specifically designating said land, pasture, person, pen, lot, or premises.

§ 11. Whenever the Livestock Sanitary Commission shall issue dipping directions in writing to any owner of any livestock which are located in the Tick Eradication Area or in the Free Area of livestock which have been exposed to said ticks or have been

Royce A. Oxford, Brinkley L. Oxford, Oxford & Oxford, Edinburg, for appellant.

John L. Hill, Atty. Gen. of Texas, David M. Kendall, Jr., Robert Steve Bickerstaff, Jr., Robert W. Gauss, Asst. Attys. Gen., Austin, for appellees.

KLINGEMAN, Justice.

This case involves the Tick Eradication Program along the Texas-Mexican border. Harmon R. Oxford appeals from an order dissolving a temporary restraining order and denying his application for temporary injunction, which order also ordered appellant to observe a dipping order entered by appellee, Texas Animal Health Commission, a/k/a Livestock Sanitary Commission. Appellant had initially obtained a temporary restraining order restraining appellees from dipping cattle until a hearing was had on the application for temporary injunction. After a hearing, the trial court entered the order herein under attack.

Appellant's sole point of error is that the trial court erred in refusing to grant a temporary injunction against appellees.

exposed to said ticks within nine months next proceeding the date of issuance of said written dipping direction, and said dipping directions are served upon said owner, it shall be the duty of said owner to dip said livestock as directed and also to dip all other livestock which may be located upon the premises referred to in said written dipping direction. Any owner who fails to dip said livestock shall be deemed guilty of a misdemeanor.

§ 12. Any person that desires a hearing for the purpose of protesting against the enforcement of any dipping directions issued under the provisions of this Act may file with the supervising inspector in the county in which said livestock are located, at least ten full days before the dipping date or dates on which he seeks to be excused from dipping such livestock, a sworn application for a hearing, which application shall be forwarded by the supervising inspector to the Livestock Sanitary Commission.

§ 32. The Livestock Sanitary Commission may establish necessary quarantines and restrictions on the movement of hay, hides, and carcasses from quarantined areas and premises and any person moving such hay, hides, or carcasses is in violation thereof and subject to a fine.

Governor's Proclamation No. 417 recites that inspections have revealed that all livestock ranging in parts of the counties along the Mexican border are infested with or exposed to the fever-carrying tick and are subject to designation as Tick Eradication Areas by the Texas Animal Health Commission. Various counties, or parts thereof, including Zapata, are designated for systematic tick eradication work, and all territory and all premises therein are quarantined and all cattle, horses, mules, jacks, and jennets therein are quarantined.

Appellant asserts that the only question involved in this appeal is whether appellant's hay, horses, and cattle are quarantined by virtue of Governor's Proclamation No. 417, issued pursuant to art. 7014g–1. He contends that the evidence clearly demonstrates that he is not covered by the quarantine and never has been. One of appellant's problems is that the judgment here involved says nothing about quarantines, and appellant's application for a temporary restraining order and a temporary injunction pertain only to the dipping order. The trial court initially granted a temporary restraining order restraining appellees from dipping appellant's cattle until a hearing was had on the application for a temporary injunction. The order here under attack dissolves the temporary restraining order, and denies the application for a temporary injunction.

The only question before this Court is whether the trial court abused its discretion in dissolving the temporary restraining order and in refusing to grant a temporary injunction.

The posture of this case is somewhat peculiar. At the hearing on the application for temporary injunction, after the trial judge informed the parties that he was ready to proceed, plaintiff's attorney stated that he had no evidence to offer and that he was relying on his petition and the facts stated therein. At this time, appellees moved for judgment, wherein the court stated:

I understand and I think you would be entitled to it, but as a precautionary measure, in order to avoid a duplicity of actions, if the Court does not hear it now, it is going to hear it later, and I think it will be safer, since we are already here, to go ahead and hear whatever you have, counsel, and let me rule on it.

Appellant concedes that at this point, appellees could have presented no evidence and would have been entitled to judgment. The only evidence in this record was thereafter introduced by appellees after this admonition from the court.

Such evidence consists of several exhibits and the testimony of Mr. McMeans, an Animal Health Technician with the U.S. Department of Agriculture, Veterinarian Services Division, who acts as agent for the Texas Animal Health Commission in the Tick Eradication Program. It appears from the exhibit and testimony that certain lands

in Zapata County, Texas are covered under the provisions of the Tick Eradication Program, as proclaimed under Governor's Proclamation No. 417 and statutory provisions in connection therewith. Appellant is involved and connected with two tracts of land in Zapata County, one referred to as the "Anchor Home farm" and the other as the "Alfalfa farm." The Alfalfa farm is used primarily to grow grains, although it has some livestock on it. The Anchor Home farm contains a home for boys, and on this farm there are several milk cows and, at times, calves.

McMean testified that fever ticks were found on cattle located on a farm adjoining the Alfalfa farm; that there were signs that such cattle from the infested farm had crossed over into the Alfalfa farm and there were signs of intermingling of the livestock; that the Alfalfa farm was determined to be exposed and was quarantined, and appellant was so notified; and that thereafter certain livestock on the Alfalfa farm were dipped. Appellant was also notified that while alfalfa produced on the Alfalfa farm could be used on this farm, it could not be moved off the premises unless the Commission approved; that the reason why the hay could not be moved is that tick eggs are laid in the grass and alfalfa and that any movement of this infested material would spread the ticks. He further testified that he learned thereafter that hay had been moved from the Alfalfa farm to the Anchor Home farm, which action resulted in the Commission quarantining the Anchor Home farm and the Commission issuing an order that the cattle on such farm be dipped.

The exhibits consist of (a) a copy of Governor's Proclamation No. 417; (b) a summons to appellant pertaining to an alleged violation of the Tick Eradication Law by permitting the moving of alfalfa hay from a farm exposed to fever ticks; (c) a notice by the Texas Animal Health Commission finding that the Anchor Home farm had been exposed to the fever-carrying tick and quarantining such premises and all livestock thereon; and (d) a written order from the Texas Animal Health Commission to dip the livestock here involved.

It appears from the record that the Alfalfa farm is in the area designated in the Governor's Proclamation; that the Anchor Home farm is in the Free Area; and that the provisions as to dipping of cattle (§ 11, 7014g–1) apply to any livestock located in the Tick Eradication Area or in the Free Area that have been exposed to ticks. Appellant filed no protest to the dipping order as provided for in § 12, art. 7014g–1.

■ It is to be remembered that this is an appeal from an order denying a temporary injunction, and the scope of our review is limited to the narrow question of whether the action of the trial court in denying the temporary injunction constitutes a clear abuse of discretion. Appellant saw fit not to present any evidence in the trial court, and it was incumbent upon him to show a clear abuse of discretion by the trial court. This he failed to do. The record does not disclose any abuse of discretion.

The judgment is affirmed.