Charles H. BENSON et al., Appellants,

v.

Johnny Curtis BENSON, Appellee.

No. 5951.

Court of Civil Appeals of Texas, Waco.

Oct. 19, 1978.

Charles B. McGregor, Beard & Kultgen, Waco, for appellants.

James A. Showers, Martin, Showers & Smith, Hillsboro, Terry W. Bradley, Bradley & Lummus, Cleburne, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal from an order of the trial court denying appellants' application for a temporary injunction.

On April 24, 1978, a formal will of Mae Benson Steele, deceased (executed April 17, 1975), was admitted to probate by the County Court of Hill County; appellee Johnny Curtis Benson took oath as Independent Executor; and took charge of the estate, which included 10 head of cattle, 572 acres of land, and some $82,000. cash in banks. Such will in addition to naming appellee Independent Executor bequeaths him the bulk of deceased's estate.

On July 13, 1978 appellants Charles H. Benson and Charlie M. Benson offered for probate a holographic will of deceased dated March 26, 1978 (which was 8 days prior to her death). This will bequeathed the bulk of deceased's estate to appellants.

Probate of this will is contested by appellee on the grounds: it is not wholly in the handwriting of deceased; and lack of testamentary capacity of deceased.

Both cases were transferred to the District Court; were consolidated by that court; and will be resolved by trial in accordance with Section 83(b) of the Probate Code.

On July 18, 1978 appellants filed application for temporary injunction against appellee; alleged the estate had over $80,000. in cash; that appellee as Independent Executor without bond could deal with the property as his own funds; that appellee is financially unable to respond in damages commensurate with the size of the estate, that the bulk of the property would pass to appellants if the holographic will be probated; that they stand probability of irreparable injury; and prayed for temporary injunction to restrain appellee *"from selling, transferring, assigning, mortgaging, encumbering or in any other manner alienating any of the estate property whether 1) personalty, realty or otherwise; 2) incurring any indebtedness on behalf of the estate; 3) spending any sum of cash from the deceased's estate directly or indirectly * * for any purpose; 4) harming, destroying, or wasting any property belonging to said estate; and 5) hiding or concealing or attempting to conceal any property belonging to the estate or derived from the estate directly or indirectly,"* until the court resolve the conflicting matter relating to the probate of the wills filed herein.

The trial court after hearing denied application for the temporary injunction.

The parties stipulated the facts pertaining to the application for temporary injunction, which we summarize as follows:

1) The holographic will dated March 26, 1978 has a reasonable probability of being admitted to probate; and appellants are the principal beneficiaries under such will.

2) The estate consists of over $82,000. in cash; 10 head of cattle; 2 automobiles; 572 acres of land appraised at $114,594.; and 94 acres of land conveyed to appellants and another by deceased before her death, the validity of which conveyance appellee anticipates will be contested.

3) Appellee is acting as Independent Executor of the estate without bond; and does not have nonexempt property which would equal or exceed the estate of decedent.

Appellants appeal on one point:

"The trial court erred in denying the writ of temporary injunction in that appellants showed a probable right and a probable injury, and it was an abuse of discretion to deny the same

**274**

pending the trial of the principal case on its merits".

■ The purpose of a temporary injunction is to preserve the status quo of the subject matter of the suit pending final trial of the case on the merits. *Transport Co. of Texas v. Robertson Transports, Inc.*, 152 Tex. 551, 261 S.W.2d 549.

■ To be entitled to a temporary injunction the applicant is not required to establish that he will prevail on the final trial, but need only to plead a cause of action and show a probable right to the relief sought, and probable injury in the interim. *Oil Field Haulers Assn. Inc. v. Railroad Comm.*, Tex., 381 S.W.2d 183.

■ In suits for temporary injunction the trial judge is endowed with broad discretion to grant or deny the injunction and the judgment of the trial will be upheld unless it represents a clear abuse of discretion. *Janus Films, Inc. v. City of Fort Worth*, 163 Tex. 616, 358 S.W.2d 589; *State v. Southwestern Bell Telephone Co.*, Tex., 526 S.W.2d 526.

■ Here it is stipulated that there is a reasonable probability of the holographic will being admitted to probate, thus establishing a probable right to the relief sought.

But probable injury to appellants has not been established. It is appellants' burden to establish that the trial court should have granted the temporary injunction, yet they have shown no action or inaction on the part of appellee that has or will place the assets of the estate in peril. The stipulation that appellee is acting as Independent Executor without bond, and does not have nonexempt property which would equal or exceed the estate of decedent, does not establish "probable injury" to appellants.

The livestock belonging to the estate must be cared for and fed; taxes must be paid; and preparation of Federal Estate Tax return should be made. And the appellee is entitled to use estate funds in defending the will under which he holds appointment, if he acts in good faith.

The temporary injunction sought by appellants would have restrained and precluded appellee from spending or obligating "any sum" from the estate directly or indirectly "for any purpose".

Appellants say in their brief that appellee would not be restrained from functioning as independent executor in the care and preservation of the estate including feeding of the livestock; or in defending the estate; and further that "the manner in which the temporary injunction is worded is a matter which is flexible to this court" (i. e. The Court of Civil Appeals).

But the application and prayer to the trial court was to restrain appellee from "spending any sum," or "incurring any indebtedness," "directly or indirectly," and "for any purpose".

And we must view the matter as it was presented to the trial court, and in such situation, we cannot say that the trial court clearly abused the broad discretion lodged in him.

Appellants' point is overruled.

AFFIRMED.