

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

---

No. 07-23-00314-CV

---

JCS MONEY MAKER, LLC, APPELLANT

V.

RICKEY SMITH, INDIVIDUALLY AND AS TRUSTEE OF THE CHAD J. SMITH 1998
INVESTMENT TRUST; THE JASON S. SMITH 1998 INVESTMENT TRUST; AND THE
SHANA L. SMITH 1998 INVESTMENT TRUST, APPELLEES

---

On Appeal from the 100th District Court
Hall County, Texas
Trial Court No. 8232, Honorable Stuart Messer, Presiding

---

May 3, 2024

MEMORANDUM OPINION

Before QUINN, C.J. and PARKER and FRAUSTO,[1] JJ.

### Background

Appellant JCS Money Maker, LLC appeals from a temporary injunction. The latter emanated from a motion for same filed by Rickey Smith, individually and as trustee of the Chad J. Smith, Jason S. Smith, and Shana L. Smith 1998 Investments Trusts (Smith).

---

[1] Honorable Titiana Frausto, Judge, 181st District Court, sitting by assignment.

Smith sued for declaratory relief recognizing the 1) removal of JCS Money Maker, LLC as managing partner of two limited partnerships, Marrs & Smith, Ltd. (Marrs) and Rickey Smith Ranches, Ltd. (RSR) and 2) installation of Smith, individually, in its place. The removal and installation were effectuated by Smith via the purported application of various terms in the respective limited partnership agreements. Upon removal of JCS and installation of Smith, Smith then sued for the aforementioned declaratory and interim injunctive relief. The trial court granted the latter and temporarily enjoined JCS, Chad, Jason, Shana and others from, effectively, acting as general manager and impeding Smith's operation of Marrs and RSR. JCS appealed, contending that the trial court improvidently granted the temporary injunction. We reverse.

### Analysis

An order granting a temporary injunction is reviewed under the standard of abused discretion. *Henry v. Cox*, 520 S.W.3d 28, 33 (Tex. 2017). Per that standard, our review is limited "to the validity of the order, without reviewing or deciding the underlying merits, and [we] will not disturb the order unless it is 'so arbitrary that it exceed[s] the bounds of reasonable discretion.'" *Id.* at 33–34.

Next, a temporary injunction serves to preserve the status quo pending a trial on the merits. *Clint Indep. Sch. Dist. v. Marquez*, 487 S.W.3d 538, 555 (Tex. 2016). The status quo contemplated "is the last, actual, peaceable, non-contested status which preceded the pending controversy." *Id.* (quoting *Janus Films, Inc. v. City of Fort Worth*, 163 Tex. 616, 358 S.W.2d 589, 589 (Tex. 1962)). Finally, "[i]f an act of one party alters the relationship between that party and another, and the latter contests the action, the status quo cannot be the relationship as it exists after the action." *Mendoza v. Donore*

2

*Square Homeowners Ass'n*, No. 04-22-00375-CV, 2023 Tex. App. LEXIS 8074, at *8 (Tex. App.—San Antonio Oct. 25, 2023, no pet.) (mem. op.) (quoting *Frey v. CST Props. LLC*, No. 04-13-00450-CV, 2014 Tex. App. LEXIS 2144 (Tex. App.—San Antonio Feb. 26, 2014, no pet.)); *Hyde v. Aero Valley Prop. Owners Ass'n*, No. 02-20-00416-CV, 2021 Tex. App. LEXIS 4806 at *27 (Tex. App.—Fort Worth June 21, 2021, no pet.) (mem. op.) (quoting *Universal Health Servs., Inc. v. Thompson,* 24 S.W.3d 570 (Tex. App.—Austin 2000, no pet.)) (same).  JCS begins its foray against the temporary injunction by arguing that it failed to preserve the status quo, as defined in *Clint ISD*.

No one disputes that JCS was the formal managing partner of both Marrs and RSR until April of 2023.[2]  That is when Smith endeavored to remove or oust it from the position. Removing JCS then "create[ed] an Event of Withdrawal of [JCS] as General Partner of" each limited partnership, according to the trial court.  The court continued by finding that with JCS gone, the limited partners then "voted to install Rickey Smith as [their] General Partner and Managing Partner."  At that point, Smith sued to recognize the ouster and appointment.  Then came its request for injunctive relief 1) prohibiting JCS from resuming its managerial position, 2) placing Smith in that position, and 3) enjoining JCS and Smith's children from interfering with Smith's duties as managing partner.  That resulted in the trial court ordering JCS and Smith's children to refrain from taking 1) "any action or performing any function as Managing Partner and/or General Partner of Marrs or Ranches . . ." and 2) "any action inconsistent with Rickey Smith's duties, obligations, and rights as Managing Partner and General Partner of Marrs and Ranches . . . ."

---

[2] Smith does dispute whether JCS was actually performing the role.

The foregoing scenario falls squarely into the framework described in *Mendoza*, *Frey*, *Hyde*, *Universal*, and by several other courts of appeals. An act of one party (Smith) altered the relationship between JCS and Smith, Marrs, and RSR. JCS then contested the action, but Smith arrived at the courthouse first. Thus, the status quo "cannot be the relationship as it exists after the" acts of Smith, that relationship being the ouster of JCS and installation of Smith. Yet, that is the very status the trial court protected by enjoining JCS from both acting as managing partner of Marrs and RSR and impeding Smith from performing duties as the new managing partner.

Thus, the trial court abused its discretion by issuing an injunction that failed to preserve "the last, actual, peaceable, non-contested status which preceded the pending controversy." That being so, we reverse the trial court's temporary injunction order, dissolve the temporary injunction, and remand the cause for further proceedings.[3]


Brian Quinn
Chief Justice

---

[3] To the extent that the prayer in JCS's appellate brief can be read as including a request for a temporary injunction returning it to the position as managing partner, it failed to brief and illustrate how it established the prerequisites of a temporary injunction. *See Bright Land & Cattle, LLC v. PG-M Int'l, LLC*, No. 07-16-00336-CV 2017 Tex. App. LEXIS 2083, at *5–6 (Tex. App.—Amarillo Mar. 9, 2017, no pet.) (mem. op.) (describing the prerequisites as the existence of a probable right to recovery and a probable injury). Thus, the issue is not before us.