**Howard BARNSTONE, et al.,**
**Appellants,**

v.

**Thomas V. ROBINSON, et al., Appellee.**

**No. C14–83–543CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

June 14, 1984.

William M. Laubach, Pasadena, for appellants.

Meyer Jacobson, Houston, for appellee.

Before JUNELL, ROBERTSON and SEARS, JJ.

OPINION

SEARS, Justice.

This is an appeal from an order granting a temporary injunction. The temporary injunction changed the status quo of the parties and the Appellees had an adequate remedy at law. We dissolve the temporary injunction.

Howard Barnstone and Robert C. Richter, Jr., Appellants, are the owners and landlords of commercial rental property located at 1200 Bissonnet in Houston. Appellees, Thomas V. Robinson, Hooks-Epstein Gallery, Inc., and Toni Jones, are the tenants and lessees of the property. All three tenants had entered into separate leases with the former owner of the property. Each lease included a provision for the "passing through" of certain operating expenses from landlord to tenant.

Appellants purchased the property in May 1981. In June 1981, Appellants and Appellees met for the purpose of reaching an agreement as to how the lease provisions as to the "pass through" were to be interpreted. From June 1981 until June 1982, Appellees paid the base rental provided in the lease and some portion of the utility and operational expenses. In June 1982, Appellants billed each tenant a portion of an increase in insurance premiums. Appellees did not agree that the insurance premiums could be passed through and paid their rent "under protest."

In February 1983, Appellants billed Appellees for an increase in taxes on the property. Again Appellees disputed whether this expense could properly be passed through under the lease. Appellees, Jones and Hooks-Epstein, paid the bills under protest. Appellee Robinson quit paying *any* rent.

Appellees filed suit against Appellants for improper overcharges of rent. Appellants instituted eviction proceedings against Robinson for the failure to pay his rent. Robinson appealed to the County Court from a finding of the Justice Court that Appellants were entitled to possession. Appellees then filed an amended petition in the District Court requesting temporary relief. In June 1983, the District Court enjoined the Appellants from cancelling Appellees' leases and from filing or prosecuting any suits for eviction against Appellees. The order also required that the Appellees pay only the base rentals during the pendency of the suit. Even though the tenants had always paid some part of the utility and other expenses, the temporary orders did not provide for any passing through of expenses. The order also required that Appellants continue providing utilities to Appellees.

Appellants, in five points of error, argue that the District Court erred by entering the temporary injunction. In point of error number one, Appellants contend that the trial court erred because the temporary injunction changes the status quo of the parties. The second point is that the court erred in granting the injunction because the Appellees have an adequate remedy at law. Appellants also argue that the District Court was without jurisdiction to restrain them from a forcible entry and detainer proceeding regarding possession only.

■ The purpose of a temporary injunction is to preserve the last peaceable status quo. *Janus Films, Inc. v. City of Forth Worth,* 163 Tex. 616, 358 S.W.2d 589 (1962). If, however, a temporary injunction changes the status quo, then the trial court has exceeded its authority. In our case, it is undisputed that in addition to the base rentals, each tenant had been paying a portion of the operational expenses. Although the parties differ as to the amount to be paid and the method of calculation, the lease clearly authorizes the landlord to pass through some expenses. We hold that the status quo between the parties existed at the time Appellees' Amended Petition was filed. By ordering that only the base rentals be paid, the trial court went beyond preserving the status quo and abused its discretion. Appellants' first point of error is sustained.

■ By the request for injunctive relief, Appellees have attempted to avoid paying any of the alleged overcharges. If a party has other existing legal remedies, then the party may not seek equitable relief through injunction. *Home Savings Association v. Ramirez,* 600 S.W.2d 911 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.). In our case, Appellees had an alternative legal remedy and were pursuing that remedy. Appellees were seeking to have the District Court construe the leases and award money damages if Appellants were overcharging. There is evidence that Appellants could have satisfied a judgment for any overcharges. Since Appellees did have an adequate legal remedy, the trial court erred in granting the temporary orders. Appellants' point of error number two is sustained. Due to our disposition of the first two points of error, we need not address Appellants' remaining arguments on why the temporary injunction was invalid.

The temporary injunction granted by the District Court is dissolved.