Carroll **CHILDERS** and the Carroll Childers Co., Appellants,

v.

Jerry **PETTENGILL** and Pumping Systems, Inc., Appellees.

No. 05–85–003979–CV.

Court of Appeals of Texas, Dallas.

July 24, 1985.

Jack Holland, Holland & Holland, Houston, for appellants.

Hubert A. Crouch III, Gordon H. Rowe, Jr., Gardere & Wynne, Dallas, for appellees.

Before STEPHENS, GUILLOT and DEVANY, JJ.

GUILLOT, Justice.

This is an appeal from a temporary injunction. The issue in this case is whether the temporary order appealed from is a restraining order or an injunction. We hold that it is a temporary injunction, and for the reasons below, we reverse.

Upon filing their original petition, on February 19, 1985, Jerry Pettengill and Pumping Systems, Inc. ("Pettengill") obtained a temporary restraining order which set February 28, 1985, as the date for hearing Pettengill's application for a temporary injunction. Carroll Childers and The Carroll Childers Company ("Childers") and Pettengill agreed to reset the hearing and extend the temporary restraining order to March 14, 1985. On that date the court was unable to hear the matter and entered an order on March 22, 1985 extending the temporary restraining order until "further order of this court." It is from that order that Childers appeals.

In his two points of error, Childers contends that the court erred in entering the order without meeting the procedural requirements governing the issuance of a temporary injunction. The order reads:

### ORDER

BE IT REMEMBERED that on the 14th day of March, 1985, came on to be heard Plaintiffs' application for temporary injunction. Due to the Court's schedule, an evidentiary hearing could not be held on Plaintiffs' application. To preserve status quo, the Court is of the opinion the temporary restraining order, signed by this Court on February 19, and extended by agreement of the parties and order of the Court until March 14, 1985, should be extended until further order of this Court. IT IS THEREFORE

ORDERED that the temporary restraining order signed on February 19, 1985 and extended by the parties on March 1, 1985, be extended until further order of this Court.

SIGNED on this 22 day of March, 1985.

### JUDGE PRESIDING

While the order which Childers appeals from appears to be a temporary restraining order, it has the characteristics of a temporary injunction. It does not hold matters in abeyance until a date certain, but rather holds them in abeyance "until further order of this court." The distinguishing feature of a temporary injunction is that it is an order granted to hold until further order of the court. *Frisby v. Rockins*, 105 S.W.2d 362 (Tex.Civ.App.—Dallas 1937, writ dism'd). The order in the instant case amounts, in law, to a temporary injunction and is, therefore, appealable. *Alpha Petroleum Co. v. Terrell*, 122 Tex. 257, 59 S.W.2d 364, 367 (Tex.Comm'n App.

208

1933, opinion adopted); *Richardson v. Martin*, 127 S.W.2d 247, 248 (Tex.Civ.App. —Waco 1939, writ ref'd). Because both parties agree that the March 22, 1985 order was issued without a hearing, it is not in compliance with TEX.R.CIV.P. 683. We, therefore, sustain Childers' second point, reverse the order of the trial court and dissolve the temporary injunction.

While this appeal was pending, Pettengill obtained another temporary injunction concerning the same subject matter. We granted leave for Childers to add an appeal of the later order because it interferes with the effectiveness of the relief sought by Childers on appeal. TEX.R.CIV.P. 385b(d). We, therefore, dissolve the temporary injunction entered on May 17, 1985.

Reversed and rendered.

Costs taxed against appellees.