William J. HOPPER d/b/a Hopper & Associates/Safeguard, Appellant,

v.

SAFEGUARD BUSINESS SYSTEMS, INC., Appellee.

No. 04–90–00105–CV.

Court of Appeals of Texas, San Antonio.

April 11, 1990.

Ricardo G. Cedillo and Susan G. Lozano, Davis & Cedillo, Inc., San Antonio, for appellant.

Janice L. Jennings, Melanie T. Hewell, and Stephan B. Rogers, Akins, Gump, Strauss, Hauer & Feld, and Timothy Patton, Pasqual & Pozza, San Antonio, for appellee.

Before REEVES, CHAPA and PEEPLES, JJ.

OPINION

CHAPA, Justice.

The opinion issued by this court on March 30, 1990, is withdrawn and the following opinion is substituted in its place.

This is an accelerated appeal from an order granting a temporary injunction in favor of the appellee. The appellant is a former distributor for the appellee. Appellee sued the appellant to enforce the terms of a post termination non-disclosure and non-competition agreement which the appellee executed as a part of the original distributorship contract. The trial court held a hearing on February 7 and 8, 1990 and entered its Temporary Injunction order on February 13, 1990, temporarily enjoining the appellant, among other things, from misusing appellee's confidential information or competing with appellee by selling competitive products to appellee's established customers in the geographical area in which the appellant had previously serviced such customers. The trial court also ordered appellant to transfer to appellee all "customer related materials." No motion for rehearing or reconsideration was filed with the court below.

On February 14, 1990, the appellant perfected his appeal of the temporary injunction. On March 9, 1990, the appellee filed a "Motion to Amend Temporary Injunction Order" with the trial court, requesting that the court amend its initial order by adding language which set forth the reasons for granting the temporary injunction. On March 13, 1990, the court entered its order which amended the February 13th temporary injunction order. The appellee has supplemented the transcript to include the amended order.

The issues before us are:

1. whether the trial court's initial order violates the mandatory requirements of rule 683 of the Texas Rules of Civil Procedure by failing to specifically set forth the reasons for the granting of the injunction, and;

2. whether the amended order violated rule 43(d) of the Texas Rules of Appellate Procedure.

The order entered on February 13th granted the temporary injunction but failed to set forth any reasons for its issuance. Rule 683 of the Texas Rules of Civil Procedure provides, in relevant part:

Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail and not by reference to the complaint or other document, the act or acts sought to be restrained ...

TEX.R.CIV.P. 683.

■ The appellee argues that appellant waived his complaint that the temporary injunction order does not comply with rule 683 because the appellant failed to file a motion for reconsideration or modification of the order. As authority, the appellee cites *Emerson v. Fires Out, Inc.*, 735 S.W.2d 492 (Tex.App.—Austin 1987, no writ), where the court held that the appellant had waived its complaint as to the form of the temporary injunction order by not pointing out the defect in its "Motion for Reconsideration" that was filed with the trial court.

However, in a case similar to the case before us, where no motion for reconsideration was filed with the trial court, the First Court of Appeals rejected the waiver argument, holding that the Supreme Court's language in *Interfirst Bank San Felipe, N.A. v. Paz Const. Co.*, 715 S.W.2d 640, 641 (Tex.1986) (per curiam), clearly required declaring an order which violated rule 683 void. *Courtlandt Place Historical Foundation v. Doerner*, 768 S.W.2d 924, 926 (Tex.App.—Houston [1st Dist.] 1989, no writ). In *Interfirst Bank*, the supreme court held that "the requirements of rule 683 are mandatory and must be strictly followed." *Interfirst Bank San Felipe, N.A. v. Paz Const. Co.* at 641; *Holt v. City of San Antonio* 547 S.W.2d 715, 716 (Tex.Civ.App.—San Antonio 1977, writ ref'd n.r.e.). Additionally, the supreme court has stated that "under Rule 683, the reason for the granting of a temporary injunction *must be stated* in the order." *State v. Cook United, Inc.*, 464 S.W.2d 105, 106 (Tex.1971) (emphasis added). More-

over, this court has previously held that the "failure of a temporary injunction order to meet the strict requirements of Rule 683 on its face renders the order fatally defective and void, whether specifically raised by point of error or not." *University Interscholastic League v. Torres*, 616 S.W.2d 355, 358 (Tex.Civ.App.—San Antonio 1981, no writ). Because the February 13th order fails to meet the requirements of Rule 683, we hold that the temporary injunction order entered by the trial court on February 13, 1990, is void and should be set aside. *Interfirst Bank San Felipe, N.A. v. Paz Const. Co.*, 715 S.W.2d 640; *Courtlandt Place Historical Foundation v. Doerner*, 768 S.W.2d 924; TEX.R.CIV.P. 683; *See also University Interscholastic League v. Torres* at 358 (holding that the failure to conform to rule 683 constitutes an abuse of discretion and mandates reversal).

■ In oral argument, both parties assured the court that they would be ready for trial on April 9, 1990, which is the date the trial court set for a trial on the merits. In oral argument, both parties also agreed that we should address the amended order of March 13, 1990, in the interest of judicial expediency. Although the March 13, 1990, order was not originally before the court, we will consider this a request to include the order in this appeal, which we will grant and which we will address. *See Childers v. Pettengill*, 696 S.W.2d 206, 208 (Tex.App.—Dallas 1985, writ ref'd) (construing rule 43's predecessor, former Tex. R.Civ.P. 385b(d)). Rule 43(d) of the Texas Rules of Appellate Procedure provides, in relevant part:

**(d) Further Proceedings in Trial Court.** Pending an appeal from an interlocutory order, the trial court retains jurisdiction of the cause and may issue further orders, including dissolution of the order appealed from, *but the court shall make no order granting substantially the same relief as that granted by the order appealed from*, or any order contrary to the temporary orders of the appellate court, or any order that would interfere with or impair the effectiveness

of any relief sought or granted on appeal. . . .

TEX.R.APP.P. 43(d) (emphasis added).

Initially, we note that there is little authority dealing with Rule 43. Appellee cites *Eastern Energy, Inc. v. SBY Partnership*, 750 S.W.2d 5 (Tex.App.—Houston [1st Dist.] 1988, no writ), as authority for sustaining the trial court's amended order of March 13, 1990. However, we find that the case is distinguishable. *Eastern Energy* merely involved the setting of a trial date for the hearing on a permanent injunction in the subsequent order. Because the facts are not clearly set out in the opinion, it appears possible that the amended order was merely a "nunc pro tunc" order which only added a setting for a trial date which had previously been determined. Considering the language of the court, it also appears that the wording of the amended order led the court to conclude that it was merely an order setting the case for trial and was not an "order granting substantially the same relief as that granted by the order appealed from." Further, unlike the case before us, the trial setting on the merits can not be considered critical to the foundation for the issuance of an injunction.

These facts are not found in the case before us and we refuse to extend the *Eastern Energy* court's rationale to the present circumstances. In the present case, we clearly have an order which grants "substantially the same relief as that granted by the order appealed from" and which substantively amends the initial order by including for the first time the reasons for the issuance of the injunction. The reasons for the issuance of an injunction must certainly be considered critical to the foundation of an injunction. Moreover, the record before us reveals that the trial court in the present case gave no reasons for the issuance of the temporary injunction at the original temporary injunction hearing.

Nevertheless, in *Childers v. Pettengill*, 696 S.W.2d 206, the appellee obtained a temporary restraining order on February 19, 1985. On March 22, 1985, without a hearing, the trial court extended the temporary restraining order until "further order of this court." The March 22nd order was appealed. The court of appeals held that, regardless of what the order was called, it amounted, in law, to a temporary injunction and was appealable. *Id.* at 207. Furthermore, because the March 22nd order was issued without a hearing, the order was not in compliance with rule 683 and should be dissolved. *Id.* at 207–08. The court further noted that "while the appeal was pending," the appellee "obtained *another* temporary injunction [on May 17, 1985] concerning the same subject matter." *Id.* (emphasis added). The court dissolved the May 17th temporary injunction because, the court held, "it interfere[d] with the effectiveness of the relief sought by [the appellant] on appeal." *Id.*

In the present case, after the appeal was perfected the appellee obtained what was called an amended temporary injunction order on March 13, 1990, which not only "granted substantially the same relief as that granted by the order appealed from," but also added the reasons for the issuance of the temporary injunction as required by rule 683. Because the amended order of March 13, 1990 "granted substantially the same relief as that granted by the order appealed from," TEX.R.APP.P. 43(d), it is invalid and unenforceable.

The trial court orders of February 13, 1990, and March 13, 1990, are set aside.