Norman L. LONG, Appellant,

v.

George Edward LONG, Appellee.

No. 04–91–00257–CV.

Court of Appeals of Texas,
San Antonio.

July 31, 1991.

Adam Poncio, Royal B. Lea, III, Kaufman, Becker, Pullen & Reinbach, Inc., San Antonio, for appellant.

Lucinda A. Vickers, Pleasanton, for appellee.

Before REEVES, C.J., and PEEPLES and CARR, JJ.

## OPINION

REEVES, Chief Justice.

This is an appeal from a temporary injunction which enjoined appellant, Norman L. Long, from restricting appellee, George Edward Long, in the use of a right-of-way easement.

George and Norman Long are brothers who once owned an undivided interest in a ranch in Atascosa County. Evidently, this was an unsatisfactory arrangement, and in 1989 they divided the property. As part of the agreement, Norman gave George an easement to a ninety-foot right-of-way on which was located an existing roadway which had been in use for some time. The easement provides that George shall have "a full easement with the same rights of ownership" as that owned by Norman.

At the time of the granting of the easement a gate was situated which allowed ingress and egress from the county road to the roadway which had been traditionally used by the brothers. During the month of November 1990, Norman began making improvements on the roadway. He also moved the original gate three or four feet to the right from where it had been situated, reversed the pivotal end of the gate, and installed a new gate with an electric opener which locked and unlocked. Because George was not furnished a like device, he is compelled to enter the ranch through the old gate. This requires that he traverse approximately twenty-five feet

of a grassy portion of the easement before gaining access to the roadway.[1]

George obtained a temporary restraining order which, upon hearing, was converted to a temporary injunction ordering Norman to refrain from interfering with George's use of the easement. A hearing on a permanent injunction is set for November, 1991.

Norman's first point of error contends the trial court erred and abused its discretion because the court's order violates the mandatory requirements of TEX. R.CIV.P. 683. This rule provides, in part:

Every order granting an injunction ... shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail and not by reference to the complaint or other document, the act or acts sought to be restrained; ...

The temporary injunction order provides, in pertinent part:

... After hearing evidence and argument of counsel, the Court is of the opinion that Plaintiff's request for temporary injunction should be granted.

IT IS THEREFORE, ORDERED that Defendant herein be, and hereby is, commanded forthwith to desist and refrain from interfering with Plaintiff's use of the easement, including the existing roadbed, that is the subject of this suit until judgment in this cause is entered by this Court ...

The requirements of Rule 683 are mandatory and must be strictly followed. When a temporary injunction order does not adhere to the requirements of Rule 683, the injunction order is subject to being declared void and dissolved. *InterFirst Bank San Felipe v. Paz Construction Co.*, 715 S.W.2d 640, 641 (Tex.1986), *University Interscholastic League v. Torres*, 616 S.W.2d 355, 357–58 (Tex.Civ.App.—San Antonio 1981, no writ). The order in the instant case is devoid of any reason for the issuing of the temporary injunction.

Appellee contends that appellant's attorney signed the judgment "approved as to form" and that this approval forecloses his right to appeal. One who approves a judgment in this manner does not forfeit the right of appeal. *Bexar County Criminal District Attorney's Office v. Mayo*, 773 S.W.2d 642, 644 (Tex.App.—San Antonio 1989, no writ). The order is not an agreed order.

Appellee asserts that we may look to the statement of facts for the reason the trial court granted the temporary injunction. In support of this contention he cites this court's opinion, *Hopper v. Safeguard Business Systems, Inc.*, 787 S.W.2d 624, 627 (Tex.App.—San Antonio 1990, no writ), wherein we stated:

Moreover, the record before us reveals that the trial court in the present case gave no reasons for the issuance of the temporary injunction at the original temporary injunction hearing.

In *Hopper*, the trial court signed an order without setting out the reasons as required by Rule 683. While the temporary injunction was on appeal, the trial court amended its order and set forth its reasons for the granting of the amended order. This court reviewed the statement of facts and found that the record did not reveal the reasons for the issuance of the injunction. We did not intend to imply in *Hopper* that a court's oral statement was adequate notice to the enjoined litigant.

Moreover, there is another reason this case must be reversed. George has an adequate remedy at law. If he does have a cause of action, he can recover the costs of materials to widen and improve the roadway where the old gate is now situated. At the temporary injunction hearing George testified that he had been able to gain access to his ranch ten or eleven times through the old gate. There was also testimony that he had other access to his property by using another gate situated on the same county road. The most that George will suffer is the injury of inconvenience. This does not warrant the issuance of a temporary injunction. *See Northcutt v.*

---

1. George has access to the ranch through another road situated on his property.

*Waren,* 326 S.W.2d 10 (Tex.Civ.App.—Texarkana 1959, writ ref'd n.r.e.).

Because we have determined that appellant's first point of error is dispositive of this appeal, we need not reach points of error 2, 3, 4 and 5.

The order of the trial court granting the temporary injunction is reversed, and the injunction is vacated.