**EDGEWOOD INDEPENDENT SCHOOL DISTRICT, Appellant,**

v.

**Ricardo Lopez PAIZ, Parent of Lisa Paiz, and Others Similarly Situated, Appellees.**

**No. 04–93–00339–CV.**

Court of Appeals of Texas, San Antonio.

June 16, 1993.

**270**

Thomas H. Crofts, Jr., Wallace B. Jefferson, Crofts, Callaway & Jefferson, Pablo Escamilla, Douglas A. Poneck, Escamilla & Poneck, San Antonio, for appellant.

Leo Alvarado, Jr., Weir & Alvarado, San Antonio, for appellees.

Before REEVES, C.J., and BIERY and GARCIA, JJ.

## OPINION

REEVES, Chief Justice.

Appellee, Ricardo Lopez Paiz, is the parent of a child who has completed all requirements for graduation from high school except that she has not passed the Texas Assessment of Academic Skills test ("TAAS"). Paiz brought this suit to require the Board of Trustees of the Edgewood Independent School District to allow students to participate in the district's graduation ceremonies even though they have not passed the TAAS test. The students do not seek diplomas, only participation in the ceremonies. Graduation ceremonies were scheduled for June 7 through June 9, 1993.

The TAAS test is a statewide competency examination designed to measure student performance in mathematics and English language arts. Students cannot receive a high school diploma until they have successfully completed the TAAS examination. TEX.EDUC.CODE ANN. § 21.553(a) (Vernon 1987). The statute, however, is silent as to whether students who have not passed the examination, but who have completed all other requirements for graduation, may participate in graduation ceremonies without receiving a diploma.

■ Paiz claimed that the district's refusal to allow participation in the ceremonies "will irreparably harm the students." He also argued that the refusal denies and/or exacerbates the denial of rights guaranteed by: Title 19, Part II, Chapter 75.195, Subsections (d)(2) and (h), Texas Administrative Code (Districts Responsibility to At–Risk Students); Section 3 and 3a, Texas Bill of Rights (Equal Protection); and Section 19, Texas Bill of Rights (Due Course of Law).

A temporary restraining order was signed granting all injunctive relief sought. At 4:00 p.m. on Friday, June 4, 1993, a hearing on the temporary injunction was held. Following the hearing a temporary injunction was signed enjoining the district from excluding students who have not passed the TAAS test from participating in the scheduled graduation ceremonies.

The district has perfected an appeal from this order. It filed a "motion for immediate submission and decision (without briefs) of accelerated appeal" in this Court on Monday afternoon, June 7, 1993. On that afternoon we granted the motion for accelerated submission due to the impending graduation ceremonies. The appeal was submitted on the sworn copies of the trial court papers in lieu of a transcript, and on appellant's motion and appellees' response without further briefing or argument. TEX.R.APP.P. 42. Our order vacating the trial court's temporary injunction also issued that afternoon.

A temporary injunction must set forth the reasons for its issuance and must fix the amount for a bond to be given by the applicant. TEX.R.CIV.P. 683, 684. The order before us meets neither of these mandatory requirements. It is therefore void on its face and must be overturned. *Ex parte Lesher*, 651 S.W.2d 734, 736 (Tex. 1983); *Long v. Long*, 814 S.W.2d 227, 228 (Tex.App.—San Antonio 1991, no writ).

■ The order must be set aside for another reason. At the hearing on a request for a temporary injunction, the only issue before the trial court is whether the movant is entitled to the preservation of the status quo of the suit's subject matter pending trial on the merits. *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex.1978). The status quo to be preserved is "the last, actual, peaceable, non-contested status that

preceded the pending controversy." *State v. Southwestern Bell Tel. Co.,* 526 S.W.2d 526, 528 (Tex.1975). The status quo in this case is the district's decision to prohibit students who have not passed the TAAS test from participating in graduation ceremonies. The trial court's order reverses the status quo and, in so doing, it provides plaintiff the complete relief he seeks and deprives the school district of any right to contest the matter before the passage of time renders it moot and unremediable. The trial court abused its discretion in rendering such an order. *Janus Films, Inc. v. City of Fort Worth,* 163 Tex. 616, 358 S.W.2d 589, 590 (1962).[1]

The temporary injunction is vacated.

██  Notwithstanding the deficiencies of the trial court's order, we recognize that the law does not preclude each school district's elected trustees and administrators from permitting their high school students to participate in graduation ceremonies despite the fact that they have failed to pass the TAAS test. The province and wisdom of such a decision rests squarely on the elected board of trustees and not on the courts of this state.

---

1. In this interlocutory appeal, appellate review is limited to whether the trial court has clearly abused its discretion. *Davis,* 571 S.W.2d at 862.