

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00208-CV

**MORGAN STERN REALTY HOLDINGS, LLC**,
Bikim of Texas, LLC, and Allan Davidov,
Appellants

v.

**HORIZON EL PORTAL, LLC**,
Appellee

From the 111th Judicial District Court, Webb County, Texas
Trial Court No. 2013-CVF-000398-D2
Honorable Monica Z. Notzon, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:    Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Rebeca C. Martinez, Justice

Delivered and Filed:  June 4, 2014

VACATED AND REMANDED

Morgan Stern Realty Holdings, LLC, Bikim of Texas, LLC, and Allan Davidov (collectively, "Morgan Stern") appeal the trial court's order granting a temporary injunction that orders Morgan Stern to transfer to Horizon El Portal, LLC ("Horizon") all of Morgan Stern's ownership interest in a company it formed with Horizon.  Because the temporary injunction order does not maintain, but alters, the status quo, we vacate the temporary injunction order and remand the cause to the trial court for further proceedings.

**BACKGROUND**

The underlying action is a contract dispute between the two owners of El Portal Center, LLC (the "Company"), a company jointly formed by Morgan Stern and Horizon for the purpose of redeveloping an outlet shopping mall in Laredo, Texas (the "Property"). Horizon and Morgan Stern each owned a 50% interest in the Company. When they formed the Company in 2004, they executed an operating agreement (the "Operating Agreement") which contained a "Buy-Sell" provision. The "Buy-Sell" provision set forth a procedure by which either party could give notice of termination of the Company, triggering an obligation by the other party to elect to buy the terminating party's interest or sell its own interest; if the non-terminating party failed to make the election, it was to be treated as electing to sell its interest. In 2008, disagreements arose between the parties, and on June 4, 2008 they executed an amendment to the Operating Agreement (the "Amendment") which provided a buy-out option to each party. The Amendment provided both parties with a "First Option" to buy one-quarter of the other party's ownership interest for a designated price and, upon exercise of the First Option, a "Second Option" to buy the other party's remaining interest for a designated price; once triggered, the Second Option had to be exercised within two years after the First Option. The Amendment stated that if both parties failed to exercise the First and Second Options, then the Property was to be marketed for sale through a national brokerage firm.

In September 2008, Horizon exercised its First Option and purchased one-quarter of Morgan Stern's interest for the stated price, resulting in Horizon owning 62.5% and Morgan Stern owning 37.5% of the Company. Horizon did not exercise its Second Option. After the Second Option period expired, Morgan Stern requested that the Property be marketed and sold as provided in the Amendment. Instead, Horizon submitted notice of termination of the Company to Morgan Stern pursuant to the Buy-Sell provision of the Operating Agreement and offered to buy Morgan

Stern's remaining interest for much less than the price stated in the Amendment's Second Option, or to sell its interest to Morgan Stern under the Buy-Sell valuation. Morgan Stern objected to the Buy-Sell notice, and did not make an election.

Horizon filed suit in March 2013. Horizon alleged that the Buy-Sell provision of the Operating Agreement controls termination of the Company, and that Morgan Stern is obligated to close on the sale of its remaining interest to Horizon based on the valuation calculated under the terms of the Buy-Sell provision because Morgan Stern failed to make an election after receiving Horizon's termination notice. Morgan Stern countered that the Amendment superseded the Buy-Sell provision of the Operating Agreement, and because Horizon failed to exercise its Second Option, Horizon forfeited its right to purchase Morgan Stern's remaining interest, thereby triggering the obligation to market and sell the Property.

On January 17, 2014, Horizon filed an application for a temporary injunction requesting the trial court to order Morgan Stern to close on the sale of its remaining ownership interest to Horizon under the terms of the Buy-Sell provision. After a March 19, 2014 hearing, the trial court granted the temporary injunction and ordered that Morgan Stern is "hereby restrained from delaying or preventing a closing on the sale of its 37.5% interest in El Portal Center, LLC to Horizon" for the "contractual, pre-litigation sales price" of $130,165. Morgan Stern now appeals.

## ANALYSIS

An order granting or denying a temporary injunction is subject to interlocutory appeal. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4) (West Supp. 2013). An interlocutory appeal of a temporary injunction does not stay the commencement of trial pending resolution of the appeal. *Id.* § 51.014(b) (West Supp. 2013).[1]

---

[1] In its brief, Horizon argues we lack jurisdiction over the partial summary judgment granted in its favor by the trial court. The only matter before us in this appeal is the temporary injunction granted by the trial court.

On appeal, Morgan Stern argues the trial court abused its discretion because the temporary injunction ordering it to transfer its remaining ownership interest to Horizon permanently alters the status quo rather than preserving it. We agree.

A temporary injunction is an extraordinary equitable remedy whose purpose is to preserve the status quo of the litigation's subject matter pending trial on the merits. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002); *Walling v. Metcalfe*, 863 S.W.2d 56, 57 (Tex. 1993). To obtain a temporary injunction, an applicant must plead and prove three elements: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim. *Butnaru*, 84 S.W.3d at 204. The applicant is not required to establish that he will prevail on final trial, but rather that he is entitled to preservation of the status quo pending trial on the merits. *Walling*, 863 S.W.2d at 58.

Whether to grant or deny an application for a temporary injunction is within the trial court's sound discretion, and we will reverse only for a clear abuse of that discretion. *Butnaru*, 84 S.W.3d at 204; *Walling*, 863 S.W.2d at 58. We may not substitute our judgment for that of the trial court unless the trial court's action was "so arbitrary that it exceeded the bounds of reasonable discretion." *Butnaru*, 84 S.W.3d at 204. A trial court exceeds its authority if it enters a temporary injunction order that changes the status quo. *See Edgewood Indep. Sch. Dist. v. Paiz*, 856 S.W.2d 269, 271 (Tex. App.—San Antonio 1993, no writ); *see also Barnstone v. Robinson*, 678 S.W.2d 562, 563 (Tex. App.—Houston [14th Dist.] 1984, writ dism'd).

The status quo is "the last, actual, peaceable, non-contested status which preceded the pending controversy." *In re Newton*, 146 S.W.3d 648, 651 (Tex. 2004) (orig. proceeding) (quoting *Janus Films, Inc. v. City of Fort Worth*, 163 Tex. 616, 358 S.W.2d 589, 589 (1962) (per curiam)). At a temporary injunction hearing, the only issue before the trial court is whether the applicant is entitled to preservation of the status quo of the suit's subject matter pending trial on the merits.

*Davis v. Huey*, 571 S.W.2d 859, 862 (Tex. 1978); *accord Butnaru*, 84 S.W.3d at 204; *Blackthorne v. Bellush*, 61 S.W.3d 439, 442 (Tex. App.—San Antonio 2001, no pet.). The underlying merits and legal issues of the controversy are not before the court in an application for temporary injunction. *Tom James of Dallas, Inc. v. Cobb*, 109 S.W.3d 877, 882-83 (Tex. App.—Dallas 2003, no pet). Further, courts have expressly held that, "it is not the purpose of a temporary injunction to transfer property from one person to another, but rather to preserve the original status of the property pending a final decision on the rights of the parties." *Elliott v. Lewis*, 792 S.W.2d 853, 854 (Tex. App.—Dallas 1990, no writ) (vacating temporary injunction enforcing option agreement and ordering completion of sale of property); *see Getz v. Boston Sea Party of Houston, Inc.*, 573 S.W.2d 836, 837-38 (Tex. Civ. App.—Houston [1st Dist.] 1978, no writ).

Based on the record before us, the status quo at the time suit was filed was that Morgan Stern owned a 37.5% interest in the Company. Although the order granting the temporary injunction is phrased as restraining Morgan Stern from "delaying or preventing a closing on the sale" of its ownership interest to Horizon, the injunction effectively orders the transfer of Morgan Stern's interest to Horizon for the specified sales price. As such, it goes well beyond the prescribed function of a temporary injunction to maintain the status quo and instead reaches the merits of the contractual dispute between the parties by granting Horizon part of the relief it seeks in its lawsuit, i.e., forcing Morgan Stern to transfer its remaining ownership interest in the Company to Horizon. Thus, the temporary injunction order fails to merely preserve the status quo of the suit's subject matter pending trial on the merits, and instead permanently alters the status quo by ordering the transfer of Morgan Stern's interest to Horizon. We therefore conclude the trial court's order granting the temporary injunction amounts to a clear abuse of discretion. Accordingly, we vacate

the temporary injunction order and remand the cause to the trial court for further proceedings consistent with this opinion.

Rebeca C. Martinez, Justice