

# Fourth Court of Appeals
## San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-22-00375-CV

Richard Antonio **MENDOZA**,
Appellant

v.

**DONORE SQUARE HOMEOWNERS ASSOCIATION**,
Appellee

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2020-CI-20931
Honorable Solomon Casseb, III, Judge Presiding

Opinion by:    Irene Rios, Justice

Sitting:       Patricia O. Alvarez, Justice
             Irene Rios, Justice
             Liza A. Rodriguez, Justice

Delivered and Filed: October 25, 2023

REVERSED AND REMANDED

In this interlocutory appeal, appellant Richard Antonio Mendoza appeals the trial court's temporary injunction order enjoining Mendoza from leasing rooms in a residential home to multiple unrelated people in purported violation of restrictive covenants approved by the Donore Square Homeowners Association ("the HOA").[1] The restrictive covenants at issue here were adopted by the HOA—pursuant to an amendment to the original declaration of restrictions—after

---

[1] Mendoza does not contest the portion of the trial court's temporary injunction order enjoining the operation of a business on the property and we do not address it here.

Mendoza acquired the property. Mendoza argues: (1) the restrictive covenants do not apply to his property because the home was purchased before the original declaration of restrictions were amended; (2) even if the restrictive covenants do apply to his property, he is not in violation of the restrictive covenants; (3) the trial court's temporary injunction destroys rather than preserves the status quo; and (4) the HOA failed to show it would suffer imminent and irreparable injury unless the purported violations were enjoined.

We must point out that our review is strictly limited to determine whether the trial court clearly abused its discretion in granting or denying the temporary injunction. *Davis v. Huey*, 571 S.W.2d 859, 861–62 (Tex. 1978). This interlocutory appeal is not a means for the parties to get an advanced ruling on the merits of their case before it has been developed and adjudicated at trial. *Id.* Our decision today should not be interpreted as validation of either parties' arguments.

Because the trial court's temporary injunction order alters rather than preserves the status quo, we reverse the temporary injunction order, dissolve the temporary injunction, and remand the cause to the trial court for further proceedings consistent with this opinion.

## BACKGROUND

In 2016, Mendoza's mother, Debbie Mendoza ("Debbie"), purchased a residential home ("the home" or "the property") within the Donore Square Planned Unit Development with the intent to lease individual rooms in the home. At that time, the home was subject to the "Declaration of Covenants and Restrictions [for] Donore Square Planned Unit Development" ("the Original Declaration"). Article IX, section 3 of the Original Declaration contained a restrictive covenant that stated:

> Each lot within the Properties shall be used for residential purposes only with a private single-family residence or Living Unit[2] . . . . The term "Residential

---

[2] The Original Declaration defined "Living Unit" as "a single family residence and its attached or detached garage situated upon a Lot."

purposes" as used herein shall be held and construed to exclude any business, commercial, industrial, apartment house, hospital, clinic and/or professional uses and such excluded uses are hereby expressly prohibited.

Debbie did not interpret this provision as a restriction on her right to lease different rooms in the home to multiple unrelated people. Though not explicitly conceded, the record reflects the HOA did not view the room leases as a violation of the Original Declaration.

In 2018, Debbie transferred the property to Mendoza but continued to lease rooms in the home on behalf of Mendoza pursuant to a power of attorney. In August 2019—pursuant to subsection 209.0041(h) of the Texas Property Code—at least 67% of the members of the HOA voted to amend the Original Declaration and adopted the "Amended and Restated Declaration of Covenants and Restrictions [for] Donore Square Planned Unit Development" ("the Amended Declaration").[3] The Amended Declaration amended the restrictive covenant in article IX, section 3, stating:

> All Lots shall be used solely for single-family residential purposes. Leases for less than all of an entire Lot are not valid. All leases must be for a minimum duration of six months.

It is undisputed that Mendoza continued to lease individual rooms within the home after adoption of the Amended Declaration. The HOA sent Mendoza a letter informing him the room leasing activities violated the restrictive covenants in the Amended Declaration. Mendoza continued to lease individual rooms within the home, and the HOA eventually began fining Mendoza for the alleged violations.

On October 27, 2020, Mendoza filed suit against the HOA seeking a declaratory judgment that, among other things, the Amended Declaration does not apply to his use of leasing rooms to

---

[3] Subsection 209.0041(h) of the Texas Property Code provides "a declaration may be amended only by a vote of 67 percent of the total votes allocated to property owners entitled to vote on the amendment of the declaration . . . ." TEX. PROP. CODE ANN. § 209.0041(h).

multiple unrelated people, and his use of the property does not violate the Amended Declaration. Mendoza also sought injunctive relief and asserted a claim for tortious interference with property rights. On March 15, 2022, the HOA filed a counterclaim requesting injunctive relief to enjoin Mendoza from leasing out individual rooms to multiple unrelated tenants in purported violation of the Amended Declaration.

On April 25, 2022, the trial court heard the HOA's application for a temporary injunction and granted the application on June 7, 2022. In its temporary injunction order, the trial court found that Mendoza's property is subject to the Amended Declaration and "leasing rooms to multiple unrelated people" in the home violates the Amended Declaration. The order enjoined Mendoza from using the property "for any purpose other than for single family residential purposes (no leases of less than six months, or for less than the entire Lot)" and set deadlines for Mendoza to cease renting rooms to the unrelated tenants.[4] Mendoza appeals the trial court's temporary injunction order.

## STANDARD OF REVIEW

"A temporary injunction's purpose is to preserve the status quo of the litigation's subject matter pending a trial on the merits." *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). "A temporary injunction is an extraordinary remedy and does not issue as a matter of right." *Id.* "To obtain a temporary injunction, the applicant must plead and prove three specific elements: (1) a cause of action against the [counter-]defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim." *Id.* "An injury is irreparable if

---

[4] Mendoza represented to the trial court that some of the tenants suffered medical hardships. Therefore, based on the individual tenants' hardships, the trial court set different dates by which different tenants were required to move out of the home.

the injured party cannot be adequately compensated in damages or if the damages cannot be measured by any certain pecuniary standard." *Id.*

"Whether to grant or deny a temporary injunction is within the trial court's sound discretion." *Id.* "A reviewing court should reverse an order granting injunctive relief only if the trial court abused that discretion." *Id.* "The reviewing court must not substitute its judgment for the trial court's judgment unless the trial court's action was so arbitrary that it exceeded the bounds of reasonable discretion." *Id.* However, the trial court has no discretion to incorrectly analyze or apply the law and a clear failure to correctly analyze or apply the law will constitute an abuse of discretion. *Abbott v. Anti-Defamation League Austin, Sw., and Texoma Regions*, 610 S.W.3d 911, 916 (Tex. 2020); *see also Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (stating "a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion").

## DISCUSSION

Although presented in two issues, Mendoza's brief only asserts the trial court abused its discretion when it granted the HOA's application for a temporary injunction. Mendoza presents four arguments to support his contention that the trial court erred when it issued the temporary injunction order. First, Mendoza argues the restrictive covenants in the Amended Declaration do not apply to him because he acquired the property before the Original Declaration was amended. Second, Mendoza argues—even if the property is subject to the Amended Declaration—his use of the property does not violate the Amended Declaration. Third, Mendoza argues the trial court's temporary injunction does not preserve the status quo. Fourth, Mendoza argues the HOA did not show it would suffer imminent and irreparable harm if his use of the property was not enjoined.

We agree the temporary injunction altered rather than preserved the status quo. Because this conclusion is dispositive of this appeal, we need not address Mendoza's other arguments. *See*

TEX. R. APP. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.").

**STATUS QUO**

In his third argument, Mendoza asserts the trial court's temporary injunction destroys rather than preserves the status quo.

As mentioned above, a temporary injunction's purpose is to preserve the status quo of the litigation's subject matter pending a trial on the merits. *Clint Indep. Sch. Dist. v. Marquez*, 487 S.W.3d 538, 555 (Tex. 2016). "The status quo is the last, actual, peaceable, non-contested status which preceded the pending controversy." *Id.* (internal quotation marks omitted). "If an act of one party alters the relationship between that party and another, and the latter contests the action, the status quo cannot be the relationship as it exists *after* the action." *Frey v. CST Props., LLC*, No. 04-13-00450-CV, 2014 WL 783324, at *5 (Tex. App.—San Antonio Feb. 26, 2014, no pet.) (emphasis in original).

Here, the last, actual, peaceable, non-contested status preceding the pending controversy existed before the adoption of the Amended Declaration. Mendoza was leasing the home to multiple unrelated people in accordance with the Original Declaration before the homeowners amended the restrictive covenants. The Amended Declaration purportedly precluded Mendoza from leasing the property to multiple unrelated people. The relationship between Mendoza and the HOA was changed by the adoption of the Amended Declaration and Mendoza challenges the effect of the Amended Declaration on his use of the property. In his pleadings, Mendoza argues the Amended Declaration does not apply to his use of the property because he acquired the property before the Amended Declaration was adopted. In the alternative, Mendoza argues that even if the Amended Declaration does apply to Mendoza's property, his leasing activities are not a violation of the newly-adopted restrictive covenants. Thus, the entire controversy centers around whether

the restrictive covenants in the Amended Declaration apply to Mendoza's property and whether Mendoza's use of the property is a violation of the restrictive covenants in the Amended Declaration. These questions should be resolved by a trial on the merits. *See Marquez*, 487 S.W.3d at 555 (internal quotation marks and alterations omitted) (stating when the "central question of the suit" is a determination of whether the status quo is a violative action, then "that question should be determined with a full trial on the merits and injunctive relief can be used only to preserve the last peaceable uncontested status between the parties").

Preceding the controversy, and in compliance with the Original Declaration, Mendoza was leasing the property to multiple unrelated people. Because Mendoza's leasing activity—as it existed before the adoption of the Amended Declaration—was the last, actual, peaceable, non-contested status preceding the controversy, the trial court erred when it altered this status by ordering Mendoza to evict his tenants and enjoined him from leasing to multiple unrelated people. *See City of Arlington v. City of Fort Worth*, 873 S.W.2d 765, 768–69 (Tex. App.—Fort Worth 1994, writ dism'd w.o.j.) (holding the status quo was the actions of the parties prior to the action that created the controversy).

We hold the trial court's temporary injunction altered rather than preserved the status quo. Therefore, the trial court's temporary injunction order constitutes an abuse of discretion. *See Edgewood Indep. Sch. Dist. v. Paiz*, 856 S.W.2d 269, 271 (Tex. App.—San Antonio 1993, no writ). Accordingly, Mendoza's first and second issues are sustained.

## CONCLUSION

Because the trial court's temporary injunction order altered rather than preserved the status quo, we reverse the trial court's temporary injunction order, dissolve the temporary injunction, and remand the cause for a full trial on the merits.

Irene Rios, Justice